07-0283-ag
Garcia-Villeda v. Mukasey

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

------------

August Term 2007

Argued: March 25, 2008          Decided: July 8, 2008

Docket No. 07-0283-ag

------------------------------------------------------------X

Horacio H. Garcia-Villeda,

              Petitioner,

        - against -

Michael B. Mukasey,[*] Attorney General of the United States,

              Respondent.

------------------------------------------------------------X

    Before:   JACOBS, Chief Judge, and FEINBERG and HALL, Circuit
              Judges.

    Petitioner Horacio H. Garcia-Villeda seeks review of a decision
of the U.S. Immigration and Customs Enforcement reinstating a prior
order of deportation for illegal entry. We deny petitioner's request
for vacatur of the reinstatement order and hold that (1) 8 C.F.R. §
241.8 constitutes a valid interpretation of the reinstatement of
removal statute, 8 U.S.C. § 1231(a)(5); (2) petitioner failed to show
prejudice resulting from the reinstatement of his prior deportation
order; (3) the reinstatement of removal statute precludes any
collateral review of the underlying deportation proceeding; and (4)
reinstatement of the prior deportation order without prior
adjudication of petitioner's pending petitions for Waiver of Grounds
of Excludability and for Permission to Reapply for Admission was
proper, because, as an illegal reentrant, petitioner was inegilible

---

[*]  Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Michael B.
Mukasey is substituted for Alberto Gonzales as Respondent.

1

for any discretionary relief under the immigration laws and could only apply for permission to reapply for admission after having resided outside the U.S. for a minimum of ten years.

> MICHAEL P. DiRAIMONDO, DiRaimondo & Masi, LLP, Melville, NY, for Petitioner.

> SCOTT REMPELL, Trial Attorney, Office of Immigration Litigation, JEFFREY S. BUCHOLTZ, Acting Assistant Attorney General, Civil Division, LINDA S. WERNERY, Assistant Director, U.S. Department of Justice, Washington, DC, for Respondent.

FEINBERG, Circuit Judge:

Petitioner Horacio H. Garcia-Villeda seeks review of a December 28, 2006 order of the Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"), reinstating a prior order of deportation for illegal entry, entered against petitioner in August 1996. The issues before us are whether elimination of the requirement of a hearing before an immigration judge, pursuant to 8 C.F.R. § 241.8 (2001), is consistent with the reinstatement of removal statute, 8 U.S.C. § 1231(a)(5); whether the reinstatement of removal procedure set forth in 8 C.F.R. § 241.8, both as applied in this case and on its face, comports with the Due Process Clause of the Fifth Amendment; whether the original deportation order could be constitutionally reinstated despite allegations of due process violations in the original proceeding; and whether the ICE properly reinstated the underlying deportation order without first adjudicating petitioner's pending applications for Waiver of Grounds of Excludability and for Permission to Reapply for Admission.

2

## I.    BACKGROUND

Petitioner, a native and citizen of Honduras, was apprehended for entering the United States (hereafter "U.S.") without inspection in August 1996. On August 27, 1996, he was ordered deported by an immigration judge, a ruling he did not appeal to the Board of Immigration Appeals ("BIA") or contest in a federal court. A warrant for removal was issued, and petitioner was deported on September 5, 1996.

Petitioner reentered the U.S. illegally in May 1997. In June 1998, he married Martha Vienna Paz, a U.S. citizen, with whom he now has two children.

On December 28, 2006, petitioner appeared for an interview before an ICE officer to discuss his immigration status. During the interview, petitioner admitted both his illegal reentry into the U.S. and his earlier deportation in September 1996. On the same day, after the interviewing officer verified petitioner's statements and his identity, the Acting Supervisory Deportation Officer reinstated the prior deportation order. Since then, petitioner has been detained in Elizabeth, New Jersey.

In January 2007, petitioner was interviewed to determine whether he had a reasonable fear of persecution in his country of origin, which would entitle him to withholding of removal and protection under the Convention Against Torture. After a hearing, in March 2007,

3

an immigration judge ruled against petitioner. The BIA affirmed in July 2007, and petitioner did not seek review of the BIA's decision.

Thereafter, petitioner filed a timely petition for review of the December 28, 2006 reinstatement of removal order.

## II.  DISCUSSION

In 1996, as part of a sweeping overhaul of the immigration laws, Congress enacted the Illegal Immigration Reform and Immigrant Responsibility Act, Pub. L. No. 104-208, div. C, 110 Stat. 3009 ("IIRIRA"). The IIRIRA, among other things, repealed § 242(f) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1252(f) (repealed 1996), and adopted INA § 241(a)(5), 8 U.S.C. § 1231(a)(5) (hereafter "INA § 241(a)(5)" or the "reinstatement of removal statute").[1] This section became effective on April 1, 1997.

In 1997, the Attorney General aligned the implementing regulations with the new statutory language, by replacing 8 C.F.R. § 242.23(b) (repealed 1997) -- which required a reinstatement hearing before an immigration judge -- with 8 C.F.R. § 241.8, which changes

---

[1]     INA § 241(a)(5), 8 U.S.C. § 1231(a)(5) provides:

> If the Attorney General finds that an alien has reentered the United States illegally after having been removed or having departed voluntarily, under an order of removal, the prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed, the alien is not eligible and may not apply for any relief under this chapter, and the alien shall be removed under the prior order at any time after the reentry.

4

the hearing requirement.[2] Under 8 C.F.R. § 241.8, once the immigration officer has established that the alien is indeed an illegal reentrant subject to the reinstatement of removal statute, the officer must order the alien "removed under the previous order of exclusion, deportation, or removal in accordance with section 241(a)(5) of the [INA]." 8 C.F.R. § 241.8(c).

Petitioner argues that the regulation is an impermissible construction of the statute, because it contravenes the explicit mandate of INA § 240, 8 U.S.C. § 1229a(a)(1), that removal proceedings be conducted before an immigration judge. Petitioner also challenges the regulation on constitutional grounds, alleging that, both on its face and as applied in his case, it violates the Due Process Clause of the Fifth Amendment. In addition, petitioner claims that the underlying deportation order itself deprived him of due process and thus was not subject to reinstatement. Finally, petitioner contends that, even if the regulation is valid, the ICE was precluded from reinstating the earlier order without first

---

[2]    8 C.F.R. § 241.8 states in pertinent part:

> (a) Applicability. An alien who illegally reenters the United States after having been removed, or having departed voluntarily, while under an order of exclusion, deportation, or removal shall be removed from the United States by reinstating the prior order. The alien has no right to a hearing before an immigration judge in such circumstances. In establishing whether an alien is subject to this section, the immigration officer shall determine the following: (1) Whether the alien has been subject to a prior order of removal. . . . (2) The identity of the alien, i.e., whether the alien is in fact an alien who was previously removed . . . . [and] (3) Whether the alien unlawfully reentered the United States.

adjudicating petitioner's then-pending petitions for Waiver of Grounds of Excludability and for Permission to Reapply for Admission, which, he believes, would have been successful. We address each argument in turn.

**A. Challenge to the Validity of 8 C.F.R. § 241.8.**

Section 240 of the INA, entitled "Removal proceedings," requires that "[a]n immigration judge shall conduct proceedings for deciding the inadmissibility or deportability of an alien." 8 U.S.C. § 1229a(a)(1). The section further provides:

> Unless otherwise specified in this chapter, a proceeding under this section shall be *the sole and exclusive procedure* for determining whether an alien may be admitted to the United States or, *if the alien has been so admitted*, removed from the United States.

8 U.S.C. § 1229a(a)(3) (emphasis added). Petitioner claims that this language clearly expresses congressional intent to extend the requirement of a hearing before an immigration judge to all proceedings -- including reinstatement of prior deportation orders -- that result in removal of an alien from the U.S. Petitioner argues that, since Congress has not specifically exempted reinstatement proceedings from the hearing requirement, and since a hearing was provided to aliens subject to reinstatement for over four decades under the prior statute and the implementing regulations, the procedure prescribed by INA § 240 is the "sole and exclusive procedure for determining" whether an earlier deportation order

6

should be reinstated. In petitioner's view, the implementing regulation that confers upon immigration officers, not judges, the authority to reinstate without a hearing a prior deportation order against an illegal reentrant is in direct conflict with INA § 240 and thus invalid.

To assess the validity of the regulation at issue, we apply the two-prong test enunciated in *Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 842-43 (1984). Under the first prong of *Chevron*, we determine "whether Congress has directly spoken to the precise question at issue," *id.* at 842, i.e., here, whether a prior removal order may be reinstated without a full hearing before an immigration judge. "If the intent of Congress is clear, that is the end of the matter . . .." *Id*. However**,** if the statute is found to be ambiguous, the question for us under the second prong "is whether the agency's answer is based on a permissible construction of the statute." *Id*. at 843.

The validity of the regulation implementing the reinstatement of removal statute is a matter of first impression in this circuit, but we are not without guidance on the question. Every other circuit that has considered the issue has upheld the regulation as a valid interpretation of the INA. *See Lorenzo v. Mukasey*, 508 F.3d 1278, 1283-84 (10th Cir. 2007); *Morales-Izquierdo v. Gonzales*, 486 F.3d 484, 489-95 (9th Cir. 2007) (en banc); *De Sandoval v. U.S. Att'y Gen.*, 440 F.3d 1276, 1280-83 (11th Cir. 2006); *Ochoa-Carrillo v.*

7

*Gonzales*, 437 F.3d 842, 846 (8th Cir. 2006); *Lattab v. Ashcroft*, 384 F.3d 8, 17-20 (1st Cir. 2004); *see also Tilley v. Chertoff*, 144 F. App'x 536, 539-40 (6th Cir. Aug. 15, 2005) (unpublished).

**(1) *Chevron* Step One.** Petitioner correctly points out that INA § 241(a)(5) does not specify the procedures to be followed by the Attorney General in reinstating an earlier deportation order. However, petitioner errs in assuming that, because Congress did not explicitly specify those procedures, it intended that reinstatement proceedings be governed by INA § 240.

Petitioner's primary reliance on the direction of INA § 240 that a full-fledged hearing before an immigration judge "be the sole and exclusive procedure for determining whether an alien" will be deported from the U.S., 8 U.S.C. § 1229a(a)(3),[3] is misplaced. This provision requires a formal hearing in removal proceedings that concern only aliens already admitted to the U.S. Petitioner has twice entered the U.S. illegally, but has never been "admitted" to this country. In any event, such a hearing is not "the sole and exclusive procedure" for removability determinations, when Congress has "otherwise specified." For reinstatement, Congress *did* in fact specify otherwise: in INA § 241(a)(5), it authorized the Attorney General to reinstate prior removal orders based on the simple finding that an alien entered the U.S. illegally after having been deported.[4]

---

[3] The language is quoted in full *supra* at p. 6.

[4] *See supra* note 1.

8

In addition, the placement of the reinstatement of removal statute in INA § 241, under the title "Detention and removal of aliens ordered removed," separate from INA § 240, which is entitled "Removal proceedings," indicates "a congressional intention to treat reinstatement determinations differently from first-instance determinations of removability." *Lattab*, 384 F.3d at 18 (citing *Alexander v. Sandoval*, 532 U.S. 275, 288-91 (2001)). As the Ninth Circuit sitting *en banc* put it, it is unlikely that "Congress would have bothered with the detailed provisions of INA § 241 if it intended to give an alien subject to reinstatement of a prior removal order exactly the same rights and procedural protections as an alien facing removal for the first time." *Morales-Izquierdo*, 486 F.3d at 491. It is, accordingly, fair for us to infer that the reinstatement of removal statute was introduced as an alternative to the otherwise applicable procedure mandated by INA § 240 for first instance determinations of removability.

Our finding that INA § 240's requirement of a comprehensive hearing before an immigration judge does not apply to illegal reentrants is consistent with the legislative history of the portion of the IIRIRA dealing with reinstatement of a removal order. That history evinces unequivocal congressional intent to rectify the defects of the pre-IIRIRA procedures for reinstatement of removal orders and "make the removal of illegal reentrants more expeditious." *Lattab*, 384 F.3d at 20; *see also* H.R. Rep. No. 104-469(I), at 13

9

(1996) (explaining that if "[a]liens who are ordered removed . . . seek reentry they are subject to *immediate* removal under the prior order" (emphasis added)); *id.* at 107 (characterizing the removal procedures then in effect as "cumbersome and duplicative" and expressing frustration because the "[r]emoval of aliens who enter the United States illegally, even those who are ordered deported after a full due process hearing, is an all-too-rare event"). Congress was concerned with the inefficiencies of the previous scheme and sought to modernize it by narrowing the range of defenses available to recidivist illegal aliens and, most importantly, by eliminating any duplication between removal and reinstatement proceedings. It is clear that Congress enacted INA § 241(a)(5) to effect a "substantive change" in the prior regime. *See* 62 Fed. Reg. 10312, 10326 (Mar. 6, 1997). Quite simply, "Congress replaced [the] reinstatement provision with one that toed a harder line . . .." *Fernandez-Vargas v. Gonzales*, 548 U.S. 30, 34 (2006).

We cannot nullify the unambiguous intent of Congress to streamline the reinstatement process and distinguish it from removal proceedings under INA § 240. "There is a presumption against construing a statute as containing superfluous or meaningless words or giving it a construction that would render it ineffective." *United States v. Blasius*, 397 F.2d 203, 207 n.9 (2d Cir. 1968). Petitioner urges us to do just that, i.e., render INA § 241(a)(5) superfluous, by reinventing reinstatement of prior removal orders as a sub-

10

category of removal proceedings subject to the hearing requirement under INA § 240. The only way to bestow meaning on both provisions is to conclude that Congress intended to exempt reinstatement of removal from the procedural requirements of INA § 240.

Concluding that INA § 240 is inapplicable here does not end our inquiry of "whether Congress has directly spoken to the precise question at issue," *Chevron*, 467 U.S. at 842, i.e., whether Congress explicitly empowered the executive branch to design as summary a procedure for reinstatement as the one set forth in 8 C.F.R. § 241.8. Although the legislative history and the reinstatement of removal statute itself clearly reflect general congressional intent that a simplified procedure be employed for the swift removal of illegal reentrants, the statutory scheme "neither explicates nor endorses any particular procedures for reinstating removal orders." *Lattab*, 384 F.3d at 19 (also noting that the legislative history "does not address procedural questions with either clarity or specificity"). Like most of the circuits that have decided the issue before us, we conclude that INA §§ 240 and 241(a)(5) "are at best ambiguous regarding the procedures applicable to aliens who reenter the United States in violation of an existing removal order." *De Sandoval*, 440 F.3d at 1281; *see also Lorenzo*, 508 F.3d at 1284; *Lattab*, 384 F.3d at 19. We, therefore, proceed with the second step of our analysis.

**(2) *Chevron* Step Two.** In examining the permissibility of 8 C.F.R. § 241.8, we are heedful of the Supreme Court's direction that

11

the reasonable construction of a statutory provision be affirmed, even if it is not the one "the court would have reached if the question initially had arisen in a judicial proceeding." *Chevron*, 467 U.S. at 843 n.11.

We would surely be hard-pressed to conclude that the Attorney General's implementation of the reinstatement of removal statute is impermissible. First, the text of the reinstatement of removal statute itself "assumes the use of summary, rather than judicial, proceedings." *Lorenzo*, 508 F.3d at 1283. The inquiry in a reinstatement proceeding is limited to whether the "alien has reentered the United States illegally after having been removed." 8 U.S.C. § 1231(a)(5). The summary procedure set forth in 8 C.F.R. § 241.8 is, therefore, "quite appropriate when the only issues to be determined are those establishing the agency's right to proceed under [INA] § 241(a)(5) -- the alien's identity, the existence of a prior removal order, and whether the alien has unlawfully reentered." *Alvarez-Portillo v. Ashcroft*, 280 F.3d 858, 867 (8th Cir. 2002). This bare investigation "can be performed like any other ministerial enforcement action" by an immigration officer, in lieu of an immigration judge. *Morales-Izquierdo*, 486 F.3d at 491.

Furthermore, as we discuss below in parts II.C and II.D of the opinion, illegal reentrants are now categorically declared ineligible for any relief from removal and are barred from seeking any collateral review of the reinstated order. This is a significant

12

change from the previous regime and further simplifies the inquiry. *Compare* 8 U.S.C. § 1231(a)(5) *with* 8 U.S.C. § 1252(f) (repealed 1996). "[T]he elimination of any exogenous defense to reinstatement significantly narrows the range of issues to be adjudicated, thereby limiting the value of additional procedures." *Lattab*, 384 F.3d at 20.

The regulation is, therefore, "entirely consistent," *id*, with the IIRIRA's stated purpose to "enable . . . the prompt exclusion or removal of those who are not . . . entitled" to admission. *See* H.R. Rep. No. 104-469(I), at 111. Deference to the Attorney General's interpretation is even more imperative "in the immigration context where officials 'exercise especially sensitive political functions that implicate questions of foreign relations.'" *INS v. Aguirre-Aguirre*, 526 U.S. 415, 425 (1999) (quoting *INS v. Abudu*, 485 U.S. 94, 110 (1988)). We, like our sister circuits,[5] have "little difficulty" in deferring to the government's reasonable interpretation of INA § 241(a)(5). *Lattab*, 384 F.3d at 20.

Invoking the doctrine of constitutional avoidance, petitioner invites us to find the regulation an impermissible interpretation of the statute. The doctrine requires that when given a choice between "two plausible statutory constructions," we avoid adopting the one

---

[5] With the exception of the Ninth Circuit, all other circuits that have addressed the validity of 8 C.F.R. § 241.8 have resolved the issue on the second step of *Chevron*, upholding the regulation as a permissible construction of the reinstatement of removal statute. *See Lorenzo*, 508 F.3d at 1283; *De Sandoval*, 440 F.3d at 1283; *Ochoa-Carillo*, 437 F.3d at 846; *Lattab*, 384 F.3d at 20. The Sixth Circuit also resolved the issue on the first step of *Chevron* in an unpublished summary order. *See Tilley*, 144 F. App'x at 540.

13

that "would raise a multitude of constitutional problems." *Clark v. Martinez*, 543 U.S. 371, 380-81 (2005). Nevertheless, the doctrine is unavailing to petitioner, because, as the Ninth Circuit held, once an ambiguous statute has been interpreted by the agency in charge of its implementation, we lack the "authority to re-construe the statute, even to avoid potential constitutional problems." *Morales-Izquierdo*, 486 F.3d at 493. Our role here is confined to deciding "whether the agency's interpretation reflects a plausible reading of the statutory text." *Id.* We hold that it does.

**B. Due Process Challenges.**

Petitioner's constitutional challenges to the reinstatement procedure, as laid down in 8 C.F.R. § 241.8 and as applied in his case, likewise are without merit. Parties claiming denial of due process in immigration cases must, in order to prevail, "allege some cognizable prejudice fairly attributable to the challenged process." *Lattab*, 384 F.3d at 20; *see also Zerrei v. Gonzales,* 471 F.3d 342, 347 (2d Cir. 2006) (*per curiam*).

Petitioner fails to demonstrate how the alleged shortcomings have prejudiced the outcome of his case. He "has admitted" before the ICE and before us "all of the facts necessary to warrant reinstatement" under INA § 241(a)(5), i.e., that he is an alien who reentered the U.S. illegally after being previously deported. *De Sandoval*, 440 F.3d at 1285. Thus, petitioner concededly "satisfie[d] the statutory predicates for reinstatement." *Morales-Izquierdo*, 486

14

F.3d at 495. None of the additional procedural protections he demands, including the presence of counsel, would have changed this. We therefore need not determine the constitutional adequacy of the existing procedures as to aliens who would dispute the factual bases for reinstatement. *Id.*

The absence of the requisite prejudice further precludes petitioner from challenging the constitutionality of 8 C.F.R. § 241.8 on its face. Our role is "to provide relief to claimants . . . who have suffered . . . actual harm." *Lewis v. Casey*, 518 U.S. 343, 349 (1996). We therefore reject petitioner's due process claims.

We note, however, that despite the lack of a formal hearing, the fast-track reinstatement process under 8 C.F.R. § 241.8 is not devoid of procedural safeguards. First, "[t]he immigration officer must obtain the prior order of . . . deportation relating to the alien." *Id.* § 241.8(a)(1). Second, if the alien's identity is disputed, the officer must compare the alien's fingerprints with those of the previously deported alien; "[i]n the absence of fingerprints in a disputed case the alien shall not be removed pursuant to [the reinstatement regulation]." *Id.* § 241.8(a)(2). Third, in making the crucial finding that the alien reentered the U.S. unlawfully, the officer must "consider all relevant evidence, including statements made by the alien and any evidence in the alien's possession." *Id.* § 241.8(a)(3). If the alien claims lawful admission, "the officer shall attempt to verify" the claim by checking the available ICE databases.

15

*Id.* Last, even when the officer finds that the alien is subject to removal, the alien must be notified in writing of this adverse determination and be advised of the right to submit "a written or oral statement contesting the determination," which the officer must then take into account. *Id.* § 241.8(b). "If the alien expresses a fear of returning to the country designated in [the reinstatement] order, the alien shall be immediately referred to an asylum officer for an interview." *Id.* § 241.8(e). The alien may also challenge the reinstatement order in a court of appeals. 8 U.S.C. § 1252(a).

**C. Collateral Review of the Underlying Deportation Order.**

Petitioner asks us to vacate the reinstatement order also on the ground that the underlying deportation proceeding deprived him of due process. However, the reinstatement of removal statute expressly prohibits us from giving petitioner a second bite at the apple. *See* 8 U.S.C. § 1231(a)(5) ("[T]he prior order of removal . . . is not subject to being reopened or reviewed . . . ."); *Fernandez-Vargas*, 548 U.S. at 34-35. Petitioner had the right to challenge the validity of the original deportation proceeding in a direct appeal to the BIA, but he did not exercise it.

This outcome does not offend due process because, "regardless of the process afforded in the underlying order," reinstatement of the prior deportation order does not alter petitioner's legal condition. *Morales-Izquierdo*, 486 F.3d at 497. The statute "does not penalize an alien for the reentry (criminal and civil penalties do that)."

16

*Fernandez-Vargas*, 548 U.S. at 44. It merely gives effect to a final order issued after a formal hearing before an immigration judge. The purpose is to "stop an indefinitely continuing violation that the alien himself could end . . . by voluntarily leaving the country." *Id.* As the Ninth Circuit put it, "[w]hile aliens have a right to fair procedures, they have no constitutional right to force the government to re-adjudicate a final removal order by unlawfully reentering the country." *Morales-Izquierdo*, 486 F.3d at 498.

In seeking to set aside the reinstated deportation order, petitioner relies on *United States v. Mendoza-Lopez*, 481 U.S. 828 (1987). However, that case recognized an alien's right to attack collaterally a prior deportation order only in the context of a subsequent criminal proceeding for illegal reentry where the prior deportation is an element of the crime, and where direct judicial review of the original proceeding was not available due to procedural defects. *Id.* at 838-39 & 839 n.17.

**D. Waiver of Inadmissibility.**

Finally, petitioner argues that, before the reinstatement order could be issued, he was entitled to adjudication on the merits of his applications for Waiver of Grounds of Excludability and for Permission to Reapply for Admission, filed with the DHS on September 30, 2005, before the reinstatement order was issued.[6] This Court,

---

[6] In September 2005, petitioner's wife filed a petition for Alien Relative and petitioner applied for adjustment of his immigration status; petitioner also filed petitions for (1) Waiver of Grounds of Excludability and (2) Permission to Reapply for Admission. On April 5, 2006, former

however, recently rejected this argument in *Tenesaca Delgado v. Mukasey*, 516 F.3d 65 (2d Cir. 2008). In *Tenesaca Delgado*, we "accorde[d] *Chevron* deference to the BIA's holding [in *In re Torres-Garcia*, 23 I. & N. Dec. 866 (B.I.A. 2006)] that an applicant who is inadmissible [as a result of having reentered this country illegally after having been removed] is ineligible to apply for adjustment of status from within the United States and is bound by the consent to reapply provision, which requires that he seek permission to reapply for admission from outside of the United States after ten years have passed since his most recent departure from the United States." *Tenesaca Delgado*, 516 F.3d at 73.

We understand petitioner's situation, yet we cannot disregard the statutory text.[7] An illegal reentrant "is not eligible and *may not apply for any relief*" under the INA. 8 U.S.C. § 1231(a)(5) (emphasis added).[8] Petitioner was permanently inadmissible and could seek the

---

counsel for petitioner and his wife withdrew, on behalf of his clients, the petitions for Alien Relative and Adjustment of Immigration Status, yet, significantly, not the applications for Waiver of Grounds of Excludability and Permission to Reapply for Admission. The latter two petitions were not decided until May 29, 2007, after petitioner sought a writ of mandamus against the DHS in the U.S. District Court for the Southern District of New York.

[7]    *See supra* note 1.

[8]    8 C.F.R. § 241.8 does allow an alien subject to reinstatement to (1) "express[] a fear of returning to the country designated in [the reinstatement] order"; or (2) apply for adjustment of status under either the Haitian Refugee Immigrant Fairness Act of 1998 or the Nicaraguan Adjustment and Central American Relief Act. In both those instances, reinstatement proceedings halt until there is a final determination on the reasonable fear or adjustment of status claims. *See* 8 C.F.R. § 241.8(d)-(e). Petitioner did indeed express fear of returning to Honduras while in custody and was referred first to an asylum officer and then to an immigration judge, who dismissed the claim in March 2007. Petitioner did

18

consent of the Homeland Security Secretary to a new application for admission only after having resided outside the U.S. for a minimum of 10 years. *See* 8 U.S.C. § 1182(a)(9)(C)(i)(II) & (ii). Petitioner admittedly did not satisfy these requirements.

**III. CONCLUSION**

We have considered all of petitioner's arguments and find them to be without merit. Accordingly, we DENY the petition.

---

not seek review of the BIA's ruling that affirmed the dismissal in July 2007. Thus, the reinstatement order may be properly enforced at the present juncture.

1