De La Cruz v. Holder

BIA
Vomacka, IJ
A078 424 318

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 27th day of January, two thousand ten.

PRESENT:
> ROBERT D. SACK,
> BARRINGTON D. PARKER,
> REENA RAGGI,
> > *Circuit Judges.*

─────────────────────────────────────

JOSE DE LA CRUZ, ALSO KNOWN AS JOSE DELACRUZ,
> *Petitioner,*

> v.

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,[1]
> *Respondent.*

─────────────────────────────────────

08-4389-ag
NAC

───────────

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

FOR PETITIONER:      Sandra Greene, Greene Fitzgerald
                     Advocates and Consultants, York,
                     Pennsylvania.

FOR RESPONDENT:      Tony West, Assistant Attorney
                     General; James E. Grimes, Senior
                     Litigation Counsel; William C.
                     Minick, Attorney, Office of
                     Immigration Litigation, United
                     States Department of Justice,
                     Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DISMISSED, in part, and DENIED, in part.

Petitioner Jose De La Cruz, a native and citizen of the Dominican Republic, seeks review of the August 26, 2008 order of the BIA: (1) affirming the May 19, 2008 decision of Immigration Judge ("IJ") Alan Vomacka, denying his motion to rescind his *in absentia* removal order; and (2) denying his motion to reopen. *In re Jose De La Cruz*, No. A078 424 318 (B.I.A. Aug. 26, 2008), *aff'g* No. A078 424 318 (Immig. Ct. N.Y. City May 19, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

The INA provides, in pertinent part, that no court shall have jurisdiction to review any final order of removal

2

against an alien who is removable by reason of having committed a criminal offense covered by 8 U.S.C. § 1227(a)(2)(A)(iii) (relating to convictions for aggravated felonies). *See* 8 U.S.C. § 1252(a)(2)(C). Here, there is no dispute that De La Cruz was subject to removal by virtue of his conviction of an aggravated felony. Thus, we retain jurisdiction to review only constitutional claims and questions of law. 8 U.S.C. § 1252(a)(2)(D).

## A.  Motion to Rescind

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The agency's regulations provide that "[a]n order entered in absentia in deportation proceedings may be rescinded only upon a motion to reopen filed . . . [a]t any time if the alien demonstrates that he or she did not receive notice." 8 C.F.R. § 1003.23(b)(4)(iii)(A).

De La Cruz argues that the IJ failed to provide him with adequate notice of his merits hearing because the written notice he received was only in English. However, De

3

La Cruz was provided both written notice of his hearing in English as well as oral notice, through a certified interpreter, in his native Spanish. In such circumstances, the agency provided adequate notice that De La Cruz was obligated to appear at his merits hearing. As we have found, a Notice to Appear is not defective merely because it fails to advise an alien in his native language that an *in absentia* order could be entered against him if he fails to appear. *See Lopes v. Gonzales*, 468 F.3d 81, 84-85 (2d Cir. 2006)

De La Cruz contends that the IJ violated his due process rights by denying his motion to rescind before he had an opportunity to respond to the evidence submitted by the government. This argument is similarly without merit. Although it might have been preferable for the IJ to have allowed De La Cruz to respond, the IJ's failure to do so did not violate due process because the IJ did not rely solely upon the evidence submitted by the government. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168 (2d Cir. 2008) (finding that the agency's failure to allow the petitioner an opportunity to respond to evidence of which it took administrative notice did not violate due process where that

4

evidence did not form the sole basis for denying petitioner's motion to reopen). In denying De La Cruz's motion to rescind, the IJ relied upon the complete record of proceedings that established that De La Cruz had been provided both written and oral notice of his February 2003 hearing. Because the IJ relied upon evidence already in the record, and to which De La Cruz could have responded, the IJ did not deprive him of due process. *See id.* Indeed, De La Cruz was instructed promptly to submit any documentary proof in support of his motion to rescind, but he failed to do so. Nor did he submit supporting documents with his motion to reconsider, decided by the IJ on June 2. *See Garcia-Villeda v. Mukasey*, 531 F.3d 141, 149 (2d Cir. 2008) ("Parties claiming denial of due process in immigration cases must, in order to prevail, allege some cognizable prejudice fairly attributable to the challenged process." (internal quotation marks omitted)).

## B.  Motion to Reopen

In addition to his motion to rescind, De La Cruz filed a separate application for CAT relief, which the BIA construed as a motion to reopen. In that application, De La Cruz asserts that he is more likely than not to be tortured

upon returning to the Dominican Republic because he is HIV positive and would be denied adequate medical care. De La Cruz argues that the agency erred in finding that he did not allege a change in country conditions, explaining that when he entered the United States in 1977, the AIDS epidemic had not yet taken hold, and that current country conditions reports demonstrate pervasive discrimination against HIV positive individuals. Because De La Cruz challenges only the agency's purely factual findings, he has failed to assert a question of law or constitutional claim reviewable by this Court. *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329-30 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DISMISSED, in part, and DENIED, in part. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6