09-4070-ag
Huacho-Velarde v. Holder

## UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 24th day of June, two thousand ten.

Present:

> RALPH K. WINTER,
> JOSÉ A. CABRANES,
> RICHARD C. WESLEY,
> > *Circuit Judges.*

---

CARLOS RUBEN HUACHO-VELARDE,

> *Petitioner,*

> v.                                                                              09-4070-ag

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,

> *Respondent.*

---

| | |
|---|---|
| **FOR PETITIONER:** | GLENN L. FORMICA, Formica, P.C., New Haven, CT. |
| **FOR RESPONDENT:** | CHANNA M. FARBER, Trial Attorney, (Tony West, Assistant Attorney General, Civil Division; John S. Hogan, Senior Litigation Counsel, Office of Immigration Litigation, *on the brief*) United States Department of Justice, Washington, D.C. |

Petition for review of a judgment of the Board of Immigration Appeals ("BIA").

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** the petition for review of the judgment of the BIA is **DENIED**.

Petitioner Carlos Ruben Huacho-Velarde petitions for review of the August 31, 2009 judgment of the BIA dismissing petitioner's appeal from the December 11, 2007 decision of the Immigration

1

Judge ("IJ") denying petitioner's requests for a continuance and the issuance of a subpoena. In his petition for review, Huacho-Velarde argues that the BIA erred in dismissing his appeal because the IJ's denial of his requests for a continuance so that petitioner could obtain a more complete copy of his immigration file constituted an abuse of discretion. Petitioner also argues that the IJ's abuse of discretion in denying his requests for a continuance denied him due process. We assume the parties' familiarity with the underlying facts and procedural history of this case.

First, we note that petitioner has abandoned his challenge of the IJ's denial of his request to issue a subpoena to obtain the relevant records by failing to raise this argument in his opening brief. *See McCarthy v. SEC*, 406 F.3d 179, 186 (2d Cir. 2005) ("[A]rguments not raised in an appellant's opening brief . . . are not properly before an appellate court even when the same arguments were raised in the [court below].").

We review an IJ's denial of a continuance for abuse of discretion. *See Morgan v. Gonzales*, 445 F.3d 549, 551 (2d Cir. 2006); *cf. Sims v. Blot*, 534 F.3d 117, 132 (2d Cir. 2008) ("A district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence or rendered a decision that cannot be located within the range of permissible decisions." (internal citations, alterations, and quotation marks omitted)). We will affirm the BIA's dismissal of petitioner's appeal unless the IJ's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir. 2001) (internal citations omitted).

Petitioner argues that the IJ's denial of his request for a continuance so that he could obtain a more complete copy of his immigration file constituted an abuse of discretion that denied him due process. We disagree. An immigration judge has "wide latitude in calendar management," *Morgan*, 445 F.3d at 551, and may grant a continuance for "good cause shown." 8 C.F.R. § 1003.29. Here, petitioner failed to show good cause for the continuance. He failed to articulate what evidence, if any, he expected to discover from a full disclosure of his immigration file. Instead, petitioner asserted only that he might find documents that he did not know of previously. Such speculation does not constitute good cause and, therefore, does not merit a continuance. We therefore conclude that the IJ did not err in denying petitioner's motion for a continuance.

Additionally, petitioner argues that the denial of his motion for a continuance denied him due process. "To establish a violation of due process, an alien must show that [he] was denied a full and fair opportunity to present [his] claims or that the [IJ] or [BIA] otherwise deprived [him] of fundamental fairness." *Burger v. Gonzales*, 498 F.3d 131, 134 (2d Cir. 2007) (internal quotation marks omitted). The petitioner must also show that he was prejudiced by the alleged denial of due process. *See, e.g.*, *Garcia-Villeda v. Mukasey*, 531 F.3d 141, 149 (2d Cir. 2008). Here, petitioner fails to show either that the denial of the continuance affected the fundamental fairness of the hearing or that he was

2

prejudiced by the denial. An IJ need not prolong immigration proceedings so that an alien may develop a new claim, and petitioner here failed to show what information he might uncover that could alter the outcome of the proceedings. Accordingly, we conclude that the IJ's denial of petitioner's motion for a continuance was not a denial of due process.

## CONCLUSION

We have considered all of petitioner's arguments and find them to be without merit. Accordingly, for the reasons stated above, the petition for review is **DENIED.**

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk