**Merardo BUQUEZ, Petitioner**

v.

**ATTORNEY GENERAL OF
the UNITED STATES,
Respondent.**

No. 09–1645.

United States Court of Appeals,
Third Circuit.

Submitted Pursuant to Third Circuit
LAR 34.1(a) Sept. 15, 2010.

Opinion filed: Sept. 20, 2010.

Marcia Kasdan, Esq., Marcia S. Kasdan & Associates, Hackensack, NJ, for Petitioner.

Edward J. Duffy, Esq., Eric H. Holder, Jr., Esq., Thomas W. Hussey, Esq., John J.W. Inkeles, Esq., John M. Mcadams, Jr., Esq., United States Department of Justice, Washington, DC, for Respondent.

Before: RENDELL, FISHER and GARTH, Circuit Judges.

OPINION

PER CURIAM.

Merardo Buquez petitions for review of an order reinstating a prior order of deportation. For the reasons discussed below, we will deny the petition for review.

Buquez is a native and citizen of Peru. He came to the United States in 1993 without inspection and was placed in deportation proceedings in 1995. In September 1996, an Immigration Judge ("IJ") granted Buquez's application for voluntary departure until July 23, 1997, with an alternate order of deportation to Peru. Buquez had applied for political asylum and

---

withholding of removal, and the IJ denied these applications for lack of prosecution. According to Buquez, he agreed to withdraw the applications in exchange for an extended period of time before he was required to depart. The record also reflects that Buquez believed his asylum claim had weakened since he left Peru.

On July 17, 1997, Buquez, through counsel, wrote a letter to the Immigration and Naturalization Service ("INS") and requested a three-month extension of time to depart the United States. Buquez asserted that the political climate in Peru had changed and that, as a result of these exceptional circumstances, he was making plans to travel to another country to resettle. Buquez did not receive a response to his request, and he departed the United States on his own on September 20, 1997, after his voluntary departure date had expired. Not long thereafter, on November 21, 1997, Buquez reentered the United States without inspection.

In 2008, Buquez, through counsel, filed a motion to reopen his immigration proceedings, apparently to seek an employment-based adjustment of status. Contrary to his July 1997 letter to the INS, Buquez stated in an affidavit that he remained in the United States beyond his voluntary departure date because he had a severe eye infection and that he returned to Peru as soon as he had completed his medical treatment. Buquez stated that he had wanted to stay in Peru, but his daughter had suffered a head injury and required medical treatment available in the United States. Buquez's motion to reopen was denied.[1] On February 5, 2009, the Department of Homeland Security issued an order reinstating Buquez's prior order of deportation. The order noted that Buquez had departed the United States voluntarily pursuant to an order of deportation and had illegally reentered the country. This petition for review followed.

Buquez contends that the application of the reinstatement statute, 8 U.S.C. § 1231(a)(5), is impermissibly retroactive because he was afforded voluntary departure before the enactment of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"). Buquez argues that a grant of voluntary departure before IIRIRA differed in its benefits and consequences from a grant made after IIRIRA was enacted and that reinstatement unfairly prejudices him because he reentered the country with the understanding that he might be eligible for discretionary relief.[2]

The Government correctly asserts that *Avila–Macias v. Ashcroft*, 328 F.3d 108 (3d Cir.2003), forecloses Buquez's retroactivity argument. We held in *Avila–Macias* that applying IIRIRA's reinstatement provi-

---

1. The administrative record reflects that Buquez filed a motion to reopen, but the record does not contain the motion or related decision. *See* A.R. at 15. An affidavit prepared by Buquez in 2008 is included in the record, but the record does not contain any documents related to his adjustment of status application. *See* A.R. at 12–13. It does not appear that Buquez appealed the denial of the motion to reopen to the Board of Immigration Appeals.

2. Relying on *Debeato v. Attorney General*, 505 F.3d 231 (3d Cir.2007), the Government argues that we lack jurisdiction to review the reinstatement order because Buquez does not raise a legal or constitutional error in the original removal proceedings. We held in *Debeato* that we have jurisdiction "over legal and constitutional challenges to final orders of removal, including those final orders that the Attorney General has reinstated[.]" *Id.* at 235. Although *Debeato* involved a legal challenge to an original removal order, *Debeato* does not preclude other legal and constitutional claims. *See also Dinnall v. Gonzales*, 421 F.3d 247, 251 n. 6 (3d Cir.2005) (noting Court's jurisdiction to review petition challenging reinstatement statute on retroactivity grounds).

sions to an alien who was deported before IIRIRA's April 1, 1997, effective date, but who reentered illegally after that date, does not have an impermissibly retroactive effect. *Id.* at 114. We explained that the consequences the alien faced at the time he illegally reentered were the same consequences he faced when his deportation order was reinstated. *Id.* Here, Buquez was granted voluntary departure, with an alternate order of deportation, before IIRIRA became effective and he illegally reentered after IIRIRA's effective date. Like in *Avila–Macias*, the consequences Buquez faced when he reentered were the same as when his deportation order was reinstated.

Buquez argues that *Avila–Macias* is distinguishable because he departed pursuant to a voluntary departure order and not a deportation order. The record does not support this argument. The IJ's order provides that Buquez was granted voluntary departure until July 23, 1997 "with an alternate order of deportation to Peru." A.R. at 2. Under the regulations in effect at that time, an order of deportation was final and subject to execution upon the date a grant of voluntary departure expired. 8 C.F.R. § 243.3(a)(1) (1997) (repealed). An alien who voluntarily departed while an order of deportation was outstanding was considered to have been deported. 8 C.F.R. § 243.5 (1997) (repealed). An alien who departed before the expiration of the voluntary departure time granted in connection with an alternate order of deportation was not considered to have been deported. *Id.* Because Buquez voluntarily departed on September 20, 1997, after the voluntary departure period expired, he was considered to have been deported.

Buquez further argues that he did not depart under an order of deportation because his belated departure was due to exceptional circumstances. In accordance with now-repealed 8 U.S.C. § 1252b(e)(2)(A), the IJ notified Buquez:

> You have been granted voluntary departure.... Remaining in the United States beyond the authorized date other than because of exceptional circumstances beyond your control will result in your being ineligible for certain forms of relief ... for five (5) years from the date of scheduled departure or the date of unlawful reentry, respectively.

A.R. at 3. "Exceptional circumstances" were defined under the former statute as circumstances beyond the control of the alien "such as serious illness of the alien or death of an immediate relative of the alien, but not including less compelling circumstances." 8 U.S.C. § 1252b(f) (repealed).

As noted above, shortly before Buquez's voluntary departure date, he requested an extension of time to leave the United States due to the exceptional circumstance that the political climate in Peru had changed and he was making plans to travel to another country. Buquez, however, concedes in his brief that such requests were rarely granted and that he did not receive a response to his request. Moreover, Buquez no longer contends that he departed after his voluntary departure date due to a changed political climate in Peru. He now contends that he was unable to timely depart because he had a serious eye infection. Buquez did not assert that an eye infection was the reason for his belated departure until 2008, when he sought to reopen his proceedings. The record does not include medical records or any other objective evidence establishing that Buquez had an eye infection requiring a delayed departure. Buquez has not shown that his belated departure was due to exceptional circumstances or that he did not depart under an order of deportation.

Buquez also contends that his due process rights were violated because he was not afforded a hearing before an Immigra-

tion Judge. In *Morales–Izquierdo v. Gonzales,* 486 F.3d 484, 495–96 (9th Cir.2007) (en banc), the court of appeals rejected a due process challenge to 8 C.F.R. § 241.8, the regulation allowing an immigration officer, as opposed to an Immigration Judge, to order reinstatement. Although not deciding the question in all cases, the court noted that the alien did not contest any of the statutory predicates for reinstatement, such as the fact that he was subject to a prior removal order. *Id.* The court further stated that the fact that the alien may have departed voluntarily was of no consequence because any mode of departure while subject to an order of removal constitutes a removal for reinstatement purposes. *Id.* at 496.[3]

In order to reinstate a prior order of removal, the statute requires that an alien has reentered the United States illegally and that he reentered after having been removed or having departed voluntarily under an order of removal. 8 U.S.C. § 1231(a)(5). Unlike in *Morales–Izquierdo,* Buquez challenges a predicate fact to reinstatement—that he departed under an order of deportation. As discussed above, however, the administrative record reflects that he departed under an order of deportation. Buquez thus suffered no prejudice by not having access to an Immigration Judge, as he does not have a colorable argument that he did not depart under an order of deportation.

Accordingly, we will deny the petition for review.[4]

---

3. Other courts of appeals also have upheld the constitutionality of 8 C.F.R. § 241.8 where the alien admittedly satisfied the statutory predicates for reinstatement. *See, e.g., Garcia–Villeda v. Mukasey,* 531 F.3d 141, 149 (2d Cir.2008).

4. The Government's motion for summary denial of the petition for review, which was referred to us for disposition, is denied.