**YUN YU CHEN, Petitioner,**

v.

**Eric H. HOLDER, Jr., United States Attorney General, Respondent.**

**No. 11–1142–ag.**

United States Court of Appeals, Second Circuit.

Aug. 2, 2012.

Cora J. Chang, New York, NY, for Petitioner.

Tony West, Assistant Attorney General; James A. Hunolt, Senior Litigation Counsel; Jesse D. Lorenz, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: DENNIS JACOBS, Chief Judge, JON O. NEWMAN, and PIERRE N. LEVAL, Circuit Judges.

### SUMMARY ORDER

Yun Yu Chen, a native and citizen of China, seeks review of a March 3, 2011, BIA decision denying her motion to reopen. *In re Yun Yu Chen,* No. A078 186 751 (B.I.A. Mar. 3, 2011). The applicable standards of review are well-established. *See Jian Hui Shao v. Mukasey,* 546 F.3d 138, 157–58, 168–69 (2d Cir.2008).

Chen's motion to reopen was based on her claim that she feared persecution in China both on account of the birth of her U.S. citizen children in violation of China's population control program and her newly commenced practice of Christianity. For largely the same reasons as this Court set forth in *Jian Hui Shao,* 546 F.3d 138, we find no error in the BIA's determination that Chen failed to establish material changed country conditions related to the family planning policy excusing the untimely and number-barred filing of her motion. *See id.* at 158–72; *see also* 8 U.S.C. § 1229a(c)(7)(A), (C); 8 C.F.R. § 1003.2(c).

Chen's reliance on *Paul v. Gonzales,* 444 F.3d 148 (2d Cir.2006), to challenge the

BIA's decision declining to credit her individualized evidence is misplaced. In *Paul*, we held that the BIA erred in denying a motion to reopen based on the movant's failure to rebut the immigration judge's ("IJ's") underlying adverse credibility finding because the IJ had explicitly credited the movant's claim that he was a Christian. *See id.* at 152–55. Accordingly, the BIA was required to consider objective evidence regarding the mistreatment of Christians in the movant's country—evidence that did not depend on movant's credibility for its probative force. *See id.* Here, unlike in Paul, the IJ did not find any aspect of Chen's testimony credible, and the BIA reasonably declined to credit documents related to both her family planning and religion claims that depended upon Chen's veracity. *See Paul,* 444 F.3d at 152–55; *see also Qin Wen Zheng v. Gonzales,* 500 F.3d 143, 146–49 (2d Cir. 2007).

Finally, there is no merit to Chen's argument that the BIA violated her due process rights by considering whether she was eligible to file a successive asylum application based solely on her changed personal circumstances because she raised that argument in her motion to reopen and the BIA alternatively considered whether she established changed country conditions. *See Li Hua Lin v. U.S. Dept. of Justice,* 453 F.3d 99, 104–05 (2d Cir.2006) (providing that in the immigration context, due process requires that an applicant receive a full and fair hearing that provides a meaningful opportunity to be heard); *see also Garcia–Villeda v. Mukasey,* 531 F.3d 141, 149 (2d Cir.2008) (recognizing that an applicant must demonstrate that she was prejudiced to establish a due process violation).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).