Etienne v. Holder

BIA
Straus, IJ
A025 452 809

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>CORRECTED SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of April, two thousand fifteen.

PRESENT:
>        ROBERT A. KATZMANN,
>             *Chief Judge,*
>        REENA RAGGI,
>        DENNY CHIN,
>             *Circuit Judges.*

_____

JUNIOR ETIENNE,
>        *Petitioner,*

> v.

LORETTA E. LYNCH, U.S. ATTORNEY
GENERAL,
>        *Respondent.*[1]

14-1136
NAC

_____

FOR PETITIONER:        Gregory C. Osakwe, Hartford, Connecticut.

---

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Loretta E. Lynch is automatically substituted for former Attorney General Eric H. Holder, Jr.

**FOR RESPONDENT:** Joyce R. Branda, Acting Assistant Attorney General; Michelle G. Latour, Deputy Director; Victor M. Lawrence, Senior Litigation Counsel, United States Department of Justice, Civil Division, Office of Immigration Litigation, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED.

Petitioner Junior Etienne, a native and citizen of Haiti, seeks review of a March 31, 2014, decision of the BIA affirming a December 19, 2013, decision of an Immigration Judge ("IJ") denying Etiennes's application for deferral of removal under the Convention Against Torture ("CAT"). *In re Junior Etienne*, No. A025 452 809 (B.I.A. Mar. 31, 2014), *aff'g* No. A025 452 809 (Immig. Ct. Hartford Dec. 19, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as supplemented by the BIA's decision. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable

2

standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Under 8 U.S.C. § 1252(a)(2)(C) and (D), we lack jurisdiction to review any final order of removal against an alien who, like Etienne, is removable by reason of having committed an aggravated felony unless the petition raises "colorable constitutional claims or questions of law." *Ortiz-Franco v. Holder*, No. 13-3610, --- F.3d ---, 2015 WL 1449077, at *1 (2d Cir. Apr. 1, 2015).

Etienne asserts that the BIA violated due process by not considering the evidence that he submitted on appeal. While this is a constitutional claim, it is not colorable. The BIA was not obligated to consider evidence submitted for the first time on appeal. *See De La Rosa v. Holder*, 598 F.3d 103, 108 n.2 (2d Cir. 2010); 8 C.F.R. § 1003.1(d)(3)(iv). This is particularly true where, as here, the evidence was immaterial to whether Etienne would be tortured. *Garcia-Villeda v. Mukasey*, 531 F.3d 141, 149 (2d Cir. 2008) (holding due process violation requires showing "some cognizable prejudice" (internal quotation marks omitted)).

Etienne also asserts that the BIA applied an incorrect legal standard. Whether the agency applied the correct legal standard is a reviewable question of law, *see Acharya v. Holder*, 761 F.3d 289, 299 n.4 (2d Cir. 2014); however, this claim is also not colorable. The BIA applied the correct standard: that Etienne had to show that he would "more likely than not" be tortured in Haiti "by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. §§ 1208.17(a), 1208.18(a)(1).

For the foregoing reasons, the petition for review is DISMISSED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4