*Ortega-Garcia v. Bondi*
BIA
Perl, IJ
A220 574 077/220 996 827

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of September, two thousand twenty-five.

PRESENT:
> DENNY CHIN,
> RAYMOND J. LOHIER, JR.,
> EUNICE C. LEE,
> > *Circuit Judges.*

_____

MARIA FLOR ORTEGA-GARCIA, D.S. GARCIA-ORTEGA,
> *Petitioners,*

v.                                                                     **23-7162**
                                                                       **NAC**

PAMELA BONDI, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*[*]

_____

---

[*] The Clerk of the Court is respectfully directed to amend the caption as set forth above.

**FOR PETITIONERS:**   Michael Borja, Borja Law Firm, P.C., Jackson Heights, NY.

**FOR RESPONDENT:**   Brian M. Boynton, Principal Deputy Assistant Attorney General; Jonathan A. Robbins, Assistant Director; Zoe J. Heller, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Maria Flor Ortega-Garcia ("Ortega-Garcia") and her minor son, natives and citizens of Ecuador, seek review of an August 23, 2023 decision of the BIA that affirmed a July 29, 2022 decision of an Immigration Judge ("IJ") deeming abandoned Ortega-Garcia's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").  *In re Maria Ortega-Garcia, D. S. Garcia-Ortega*, Nos. A 220 574 077/220 996 827 (B.I.A. Aug. 23, 2023), *aff'g* Nos. A 220 574 077/220 996 827 (Immigr. Ct. N.Y.C. July 29, 2022).  We assume the parties' familiarity with the underlying facts and procedural history.

We have considered both the IJ's and the BIA's opinions.  *See Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006).  We review the agency's

legal conclusions de novo, *Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013), and its decisions to establish and enforce filing deadlines for abuse of discretion, *Dedji v. Mukasey*, 525 F.3d 187, 191 (2d Cir. 2008).

The agency did not err in deeming Ortega-Garcia's application for asylum, withholding of removal, and CAT relief abandoned. An "application is incomplete if it does not include a response to each of the required questions contained in the form." 8 C.F.R. § 1208.3(c)(3). This means that each question should have a "specific substantive answer." *Matter of C-A-R-R-*, 29 I. & N. Dec. 13, 16 (B.I.A. 2025). An incomplete application "shall result in a finding that the alien has abandoned that application and waived the opportunity to file such an application." 8 C.F.R. § 1208.3(c)(3); *see also C-A-R-R-*, 29 I. & N. Dec. at 15 ("[E]ven where a Form I-589 is submitted to the Immigration Judge within the time permitted, the Immigration Judge is not required to consider it on the merits if it is incomplete."). Ortega-Garcia's application was incomplete because it stated that she and her family "experienced harm, mistreatment and threats in the past" and that "[a] detailed statement will be added at a later date." Certified Admin. Record at 120. Apart from checking the box for "race" as the protected ground, *see id.*, the application provides no information to support an asylum claim. Thus,

Ortega-Garcia did not provide the required "specific substantive answer[s]." *C-A-R-R-*, 29 I. & N. Dec. at 16; *see also* 8 C.F.R. § 1208.3(c)(3).

Although Ortega-Garcia moved for a continuance, her motion was untimely filed after the deadlines for evidence had passed. And she does not challenge the IJ's denial of a continuance here, merely noting that counsel struggled to meet deadlines because it was challenging to obtain evidence from Ecuador and the case was on an accelerated docket and failing to address the legal standards for a continuance. *See* 8 C.F.R. § 1003.29 (allowing IJ to continue proceedings for "good cause"). "We consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." *Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) (quotation marks omitted*); see also Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir. 2005) (deeming argument abandoned where brief "devote[d] only a single conclusory sentence" to it). To the extent that Ortega-Garcia's brief can be construed as raising a due process argument—that an accelerated docket made it difficult to obtain evidence and meet deadlines—the argument is too abbreviated to be deemed preserved. *See Debique*, 58 F.4th at 684; *Yueqing Zhang*, 426 F.3d at 545 n.7. Moreover, Ortega-Garcia has not established a due process violation

4

because the deadlines did not prevent her from identifying a claim in her application, providing her own detailed statement, or filing a timely motion for a continuance, and she still has not identified details to support an asylum claim. *See Burger v. Gonzales*, 498 F.3d 131, 134 (2d Cir. 2007) ("To establish a violation of due process, an alien must show that she was denied a full and fair opportunity to present her claims or that the IJ or BIA otherwise deprived her of fundamental fairness." (quotation marks omitted)); *Garcia-Villeda v. Mukasey*, 531 F.3d 141, 149 (2d Cir. 2008) ("Parties claiming denial of due process in immigration cases must, in order to prevail, allege some cognizable prejudice fairly attributable to the challenged process." (quotation marks omitted)).

While we need not reach Ortega-Garcia's remaining arguments, we address them briefly here to highlight the additional problems with the brief filed by her attorney Michael Borja. The asylum statute provides that the protected ground must be "one central reason" for the persecution suffered or feared. 8 U.S.C. § 1158(b)(1)(B)(i). As we have stated in prior orders in cases filed by Attorney Borja, this "one central reason" standard also applies to withholding of removal. *See Quituizaca v. Garland*, 52 F.4th 103, 109–14 (2d Cir. 2022). And while Attorney Borja argues that the agency erred in requiring government involvement or

5

acquiescence to state a CAT claim, such involvement or acquiescence is required by the regulations. *See* 8 C.F.R. § 1208.18(a)(1). Even if it were relevant to the decision under review, his argument that an applicant need only show that the government is unable or unwilling to protect is not sufficiently developed.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

A copy of this order will be forwarded to this Court's Grievance Panel. Attorney Borja is also instructed to inform Ortega-Garcia of the process for filing a motion to reopen the removal proceedings with the BIA, including informing her of the legal standards and procedural requirements for reopening based on ineffective assistance of counsel. *See* 8 U.S.C. § 1229a(c)(7); 8 C.F.R. § 1003.2(c); *Paucar v. Garland*, 84 F.4th 71, 80–81 (2d Cir. 2023); *Matter of Lozada*, 19 I. & N. Dec. 637, 639 (B.I.A. 1988).

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

6