09-1021-ag
*Balogun v. Department of Homeland Security*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 18th day of March, two thousand ten.

PRESENT:

> RALPH K. WINTER,
> DEBRA ANN LIVINGSTON,
> > *Circuit Judges.*
> LEWIS A. KAPLAN,*
> > *District Judge.*

---

MANASSE AKINT BALOGUN,
> *Petitioner,*

-v.-                       No. 09-1021-ag
                               Summary Order

DEPARTMENT OF HOMELAND SECURITY,
JANET NAPOLITANO, SECRETARY OF THE
DEPARTMENT OF HOMELAND SECURITY,
ERIC H. HOLDER JR., U.S. ATTORNEY
GENERAL AND IMMIGRATION AND
CUSTOMS ENFORCEMENT, DISTRICT
DIRECTOR, NEW YORK DISTRICT,
> *Respondents.*

---

> Daniel Shabasson, Pollack, Pollack, Isaac & DeCicco, Esqs., New York, NY, *for Petitioner*.

---

*Lewis A. Kaplan, of the United States District Court for the Southern District of New York, sitting by designation.

Lindsay B. Glauner, Trial Attorney (Tony West, Assistant Attorney General, Civil Division, and Janice K. Redfern, Senior Litigation Counsel, Office of Immigration Litigation), U.S. Department of Justice, Washington, D.C., *for Respondent*.

UPON DUE CONSIDERATION, of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED AND DECREED that the petition for review is DENIED in part and DISMISSED in part.

Petitioner Manasse Akint Balogun, a native and citizen of Ivory Coast, seeks review of a February 11, 2009 order of the BIA, which dismissed his appeal and affirmed the order of Immigration Judge ("IJ") Margaret R. Reichenberg, which found him removable as charged and denied his application for adjustment of status and a waiver of inadmissibility . We assume the parties' familiarity with the underlying facts and procedural history of the case, which we reference only as necessary to explain our decision.

Where, as here, the BIA adopts the decision of the IJ and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir. 2008); *Salimatou Bah v. Mukasey*, 529 F.3d 99, 100 (2d Cir. 2008).

Substantial evidence supports the IJ's finding that Balogun made material misrepresentations during previous asylum proceedings before another IJ, rendering him inadmissible and hence ineligible for an adjustment of status. *See* 8 U.S.C. §§ 1182(a)(6)(C)(i); 1255(i)(2)(A); *see also Mora v. Mukasey*, 530 F.3d 231, 234 (2d Cir. 2008). Balogun's own testimony and an affidavit he submitted to the IJ indicate that he made "misrepresentations," that a portion of his description of

his involvement in a banned student movement in Ivory Coast "wasn't true," that he "lied to the justice" (referring to the IJ in his asylum proceedings), and that "the basic story stated [in his asylum application] . . . contain[ed] untruths." The Petitioner's attempt to suggest on appeal that he may have used the word "lie" to "include statements that were true but potentially misleading" is belied by his own testimony regarding the nature of his misrepresentations.

Moreover, we are not persuaded by Balogun's contentions that the IJ and BIA failed to apply the correct legal standard for materiality or explain why his misrepresentations were material. The BIA expressly referenced this Court's decision in *Emokah v. Mukasey*, 523 F.3d 110 (2d Cir. 2008), which articulated that standard, *see id.* at 117 ("[A] concealment or misrepresentation is material if it has a natural tendency to influence or was capable of influencing, the decision of the decisionmaking body to which it was addressed." (internal quotation marks omitted)). And both the IJ and BIA's discussions of Balogun's misrepresentations noted his admission that those misrepresentations were made for the purpose of improving his chances of success in his asylum application. Indeed, Balogun's misrepresentations regarding his importance in the national student group and as to whether he was specifically targeted by the police for arrest spoke directly to his claim of persecution. See 8 U.S.C. §§ 1101(a)(42)(A), 1158(b)(1)(B)(i); *see also Falaja v. Gonzales*, 418 F.3d 889, 899 (2d Cir. 2005) (finding materiality where misrepresentations "sp[oke] directly to [the petitioner's] claim of religious persecution").

Balogun also contends that he was denied due process during his immigration proceedings, because the IJ and BIA failed to obtain the complete transcript of his asylum proceedings in order to determine the extent of his misrepresentations, because he was never formally charged as being inadmissible under 8 U.S.C. § 1182(a)(6)(C)(i), and because IJ Chase, previously assigned to his

case, coerced him into admitting that he had lied and IJ Reichenberg thereafter denied him the opportunity to fully testify regarding his contention that his misrepresentations were not material.

As Balogun notes, "[a]ll aliens within the United States, 'whether their presence here is lawful, unlawful, temporary, or permanent,' are entitled to procedural fairness." *Ali v. Mukasey*, 529 F.3d 478, 490 (2d Cir. 2008) (quoting *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001)). "At a minimum, [an alien] 'must be afforded the opportunity to be heard at a meaningful time and in a meaningful manner.'" *Id.* (quoting *Burger v. Gonzales*, 498 F.3d 131, 134 (2d Cir. 2007)). "To establish a violation of due process, an alien must show 'that [he] was denied a full and fair opportunity to present [his] claims' or 'that the IJ or BIA otherwise deprived [him] of fundamental fairness.'" *Burger*, 498 F.3d at 134 (quoting *Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 155 (2d Cir. 2006), *rehg granted, vacated on other grounds by Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315 (2d Cir.2006)). A petitioner must also show prejudice, *see Garcia-Villeda v. Mukasey*, 531 F.3d 141, 149 (2d Cir. 2008), which in turn requires a showing that but for the alleged constitutional violation, the result in his case might have been different, *United States v. Fernandez-Antonia*, 278 F.3d 150, 159-60 (2d Cir. 2002).

Balogun's claim that the failure of the IJ and BIA to review the complete transcript of his 1997 asylum proceedings constitutes a due process violation was not raised below. Accordingly, he has not exhausted his administrative remedies with respect to that claim, and we lack jurisdiction to consider it. *See* 8 U.S.C. § 1252(d)(1); *Singh v. U.S. Dep't of Homeland Security*, 526 F.3d 72 (2d Cir. 2008) (refusing to consider due process claim not raised before the BIA). This portion of Balogun's petition must be dismissed.

Meanwhile, Balogun's argument that the IJ and BIA should not have considered his material

misrepresentations as a ground for inadmissibility because he was never formally charged on the basis of those misrepresentations is foreclosed by our previous decision in *Brown v. Ashcroft*, 360 F.3d 346, 350-53 (2d Cir. 2004) (holding "[t]here is no requirement, either statutory or constitutional, that all possible defenses against collateral remedies be explained" to an alien against whom the government is proceeding (quoting *Aaland v. Marshall*, 461 F.2d 710, 712 (5th Cir. 1972)).

We are unpersuaded by Balogun's claims that he was coerced by IJ Chase into admitting that he made misrepresentations. Balogun points to no evidence in the record to support his contention of coercion, and his allegation of an off-the-record conversation during his April 26, 2006 removal hearing is not supported by reference to the transcript, which in other instances indicates when the court went off the record. While by definition an off-the-record conversation might escape any mention in the record, Balogun did not complain of any improper behavior by Judge Chase to IJ Reichenberg after his case was reassigned to her. To the extent that he alleges that IJ Reichenberg's actions continued this coercion, he had the option of filing a motion to reopen after she rendered her decision, which would have enabled him to present affidavits or other evidence of the purported due process violation. *See* 8 C.F.R. § 1003.23(b)(3). It is clear that claimed due process violations during immigration proceedings may form the basis of such motions. *See, e.g., Aris v. Mukasey*, 517 F.3d 595 (2d Cir. 2008) (vacating BIA decision denying motion to reopen that was premised upon ineffective assistance of counsel).

We also conclude that Balogun suffered no prejudice when IJ Reichenberg limited the scope of his testimony regarding the nature of his misrepresentations. Assuming, *arguendo*, that IJ Reichenberg's instructions curtailed Balogun's ability to argue in the alternative that he was either

eligible for a waiver of inadmissibility or did not actually require such a waiver, he has not demonstrated that this limitation on his testimony could have affected the outcome of his immigration proceedings. On appeal, he does not repudiate or deny any of his statements in the record regarding his misrepresentations, and, as noted above, his efforts to characterize them as something other than misrepresentations are unconvincing. Accordingly, "a review of [Balogun's] case makes clear that even if the inadequacies in his removal proceeding amounted to fundamental procedural errors, he cannot show that those errors prejudiced him because he cannot make even a plausible showing that he might have been granted . . . relief." *Fernandez-Antonia*, 278 F.3d at 160.

We have considered all of Balogun's other arguments and find them to be without merit. For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part. Having completed our review, we DISMISS Balogun's pending motion for a stay of removal as moot.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

6