11-1203-ag
Piao v. Holder

BIA
Hladylwycz, IJ
A088 524 661

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 5th day of April, two thousand twelve.

PRESENT:
>JOSÉ A. CABRANES,
>RICHARD C. WESLEY,
>RAYMOND J. LOHIER, JR.,
>>*Circuit Judges.*

_____

YUANZHE PIAO,
>*Petitioner,*

>>v.                                   11-1203-ag
>>                                     NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>*Respondent.*

_____

FOR PETITIONER:        Dehai Zhang, Flushing, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney General; Ernesto H. Molina, Jr., Assistant Director; Gladys M. Steffens Guzmán, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Yuanzhe Piao, a native and citizen of the People's Republic of China, seeks review of a March 9, 2011, order of the BIA affirming the March 9, 2009, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yuanzhe Piao*, No. A088 524 661 (B.I.A. Mar. 9, 2011), *aff'g* No. A088 524 661 (Immig. Ct. N.Y. City Mar. 9, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented by the BIA's decision. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also, e.g.*, *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Although Piao challenges the agency's pretermission of his asylum application as untimely, we do not address the

issue because the agency's alternative basis for the denial of asylum, the adverse credibility determination, is supported by substantial evidence.

The agency concluded that Piao was not credible based on inconsistencies in his testimony and his asylum applications.  For asylum applications, such as this one, governed by the REAL ID Act, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's "demeanor, candor, or responsiveness," and inconsistencies in his or her statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii).

Piao's asylum application stated that when he was beaten he suffered a nose bleed and some bruises, while his testimony about the event added the detail that he passed out after being beaten.  Piao challenges the agency's conclusion, *inter alia*, that his failure to mention that he passed out was an omission which undermined his credibility. In support of this argument, Piao relies on *Secaida-Rosales v. INS*, 331 F.3d 297, 308 (2d Cir. 2003), a pre-REAL ID Act case which cautioned against basing adverse credibility determinations on the omission of information from an asylum

application because an application is not expected to constitute "a perfectly complete and comprehensive recitation of an applicant's claim."

*Secaida-Rosales*'s holding, "that an IJ may not base an adverse credibility determination on inconsistencies and omissions that are 'collateral or ancillary' to an applicant's claims," was abrogated by the REAL ID Act under which "an IJ may rely on *any* inconsistency or omission . . . as long as the 'totality of the circumstances' establishes that an asylum applicant is not credible." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2007) (emphasis in original; quoting *Secaida-Rosales*, 331 F.3d at 308; 8 U.S.C. § 1158(b)(1)(B)(iii)). The REAL ID Act, however, does not alter whether something *is* an inconsistency or omission. Accordingly, we consider whether Piao "would have been expected to mention [that he passed out] in his asylum application." *See Tu Lin v. Gonzales*, 446 F.3d 395, 402 (2d Cir. 2006). While generally asylum applications are not expected to provide details about every incident, we defer to the IJ's implicit conclusion that Piao was expected to provide the detail that he passed out because he provided other details about the beating he received. Thus, the

4

agency reasonably concluded that Piao's failure to mention this detail, in the circumstances of this case as a whole, was an omission undermining his credibility.

The agency's adverse credibility determination was additionally supported by Piao's inconsistent statements about when he entered the United States. As the IJ noted, while Piao testified that he entered the United States in July 2006, his asylum applications also stated that he entered in June or May 2006. Piao did not attempt to explain why he stated that he entered in June 2006 and now argues that he *may* have given an explanation for his statement that he entered in May 2006 during the hearing, but that the explanation was lost due to a transcription error. He further argues that this transcription error has resulted in a denial of due process. This argument is unavailing because he does not now identify what that missing explanation was and thus has not demonstrated that he was prejudiced. *See Garcia-Villeda v. Mukasey*, 531 F.3d 141, 149 (2d Cir. 2008) (an alien alleging a due process violation must demonstrate "cognizable prejudice").

The adverse credibility determination was further supported by Piao's inconsistent statements about when he lost his factory position. He testified and noted in the written statement in support of his application that he lost his position in November 2005, but in the employment history section of his application indicated that he worked at the factory until 2006. Piao's argument that the agency erred in relying on this inconsistency because it was minor is unavailing because under the REAL ID Act the agency may rely on any inconsistency. *See Xiu Xia Lin*, 534 F.3d at 167.

Together, these inconsistencies provide substantial evidence for the agency's adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Because Piao's claims for asylum, withholding of removal, and CAT relief all rely on the same factual predicate, the agency's adverse credibility determination forecloses all relief. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for

6

oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk