Arias-Chupina v. Holder

BIA
A079 567 758

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 18ᵗʰ day of September, two thousand twelve.

PRESENT:
ROBERT D. SACK,
PETER W. HALL,
SUSAN L. CARNEY,
*Circuit Judges.*

_____

JOSE ENRIQUE ARIAS-CHUPINA,
*Petitioner,*

v.                                          11-2606
                                            NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:          Anne Pilsbury, Brooklyn, New York.

FOR RESPONDENT:          Stuart F. Delery, Acting Assistant
                         Attorney General; Anthony W.
                         Norwood, Senior Litigation Counsel;
                         Genevieve Holm, Attorney, Office of
                         Immigration Litigation, United
                         States Department of Justice,
                         Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Jose Enrique Arias-Chupina, a native and citizen of Guatemala, seeks review of January 24, 2008, and June 13, 2008, orders of the BIA, affirming, initially and on reconsideration, the September 6, 2005, decision of Immigration Judge ("IJ") Helen Sichel, which pretermitted his application for asylum as untimely. *In re Jose Enrique Arias Chupina*, No. A079 567 758 (B.I.A. Jan. 24, 2008, June 13, 2008), *aff'g* No. A079 567 758 (Immig. Ct. N.Y. City Sept. 6, 2005). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Arias-Chupina challenges only the pretermission of his asylum application. We have reviewed the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). While we generally lack jurisdiction to consider the agency's pretermission of an asylum application as well as its determination that an alien failed to demonstrate "extraordinary circumstances" for his failure to timely file, *see* 8 U.S.C. § 1158(a)(3);

2

*Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 330 (2d Cir. 2006), we retain jurisdiction to review constitutional claims and questions of law. *See* 8 U.S.C. § 1252(a)(2)(D). Arias-Chupina's argument that 8 C.F.R. § 1208.4(a)(5)(iii), which sets forth the "extraordinary circumstances" exception to the one-year filing requirement for ineffective assistance of counsel, does not apply to him because his application was prepared by a non-attorney raises a question of law over which we have jurisdiction.

Arias-Chupina concedes that his application was untimely and that in order to be eligible to apply for asylum he was first required to establish that "extraordinary circumstances" prevented his timely filing. He argues that he met this standard, and that the agency violated his due process rights by requiring him to satisfy the requirements for ineffective assistance of counsel because he was represented by a non-attorney. To the extent he argues that application of the requirements violated the notice requirements of due process or caused prejudice, his argument is without merit. Due process is violated when an alien is "denied a full and fair opportunity to present [his] claims," *Burger v. Gonzales*, 498 F.3d 131, 134 (2d Cir. 2007) (quotations omitted), and thereby suffers

3

"cognizable prejudice," *Garcia-Villeda v. Mukasey*, 531 F.3d 141, 149 (2d Cir. 2008). Arias-Chupina failed to demonstrate prejudice because at the agency level he attempted to comply with the requirements of the regulation, arguing only that he could not file a complaint because there was no disciplinary action to be taken against a non-attorney.

Arias-Chupina also raises a reviewable question of law as to whether § 1208.4(a)(5)(iii) was not applicable, in effect asserting that there is an exception not enumerated in the text of the regulation for non-attorney ineffectiveness. We decline to reach the issue because the BIA also concluded that, even if the regulatory requirements did not apply, Arias-Chupina had failed to submit sufficient evidence to show that his non-attorney representative had been ineffective. The BIA reasoned that absent evidence of the agreement with counsel or what Arias-Chupina needed to do to prepare his application, it was unclear who was at fault for the untimely filing. Accordingly, the BIA effectively presumed that non-attorney ineffectiveness was a non-enumerated basis for a showing of extraordinary circumstances, but found the exception unmet for want of evidence in support of the exception. To the extent Arias-

4

Chupina challenges the BIA's determination that the evidence was insufficient to demonstrate extraordinary circumstances based on the non-enumerated ground of non-attorney ineffectiveness, we lack jurisdiction to review that determination.  *See* 8 U.S.C. §§ 1158(a)(3), 1252(a)(2)(D).

Finally, Arias-Chupina's assertion that the BIA engaged in improper fact-finding is without merit.  Because the BIA did not find that the testimony was other than that described by the IJ or that it was not credible, and instead determined that taken as true it was insufficient to demonstrate extraordinary circumstances, it did not apply an inappropriate standard of review.  *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 162-63 (2d Cir. 2008).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5