11-3909
Padilla v. Holder

BIA
Abrams, IJ
A073 656 250

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of May, two thousand thirteen.

PRESENT:
REENA RAGGI,
DENNY CHIN,
RAYMOND J. LOHIER, JR.,
*Circuit Judges*.

_____

JORGE A. PADILLA, AKA
JOSE ALBERTO PADILLA,
*Petitioner*,

v.

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
*Respondent*.

11-3909
NAC

_____

FOR PETITIONER:          Judy Resnick, Far Rockaway, New York.

FOR RESPONDENT:          Stuart F. Delery, Acting Assistant Attorney General; Mary Jane Candaux, Assistant Director; Matthew A. Connelly, Trial Attorney, United

**States Department of Justice, Office of Immigration Litigation, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Jorge A. Padilla, a native and citizen of El Salvador, seeks review of a September 7, 2011, order of the BIA reversing the September 14, 2009, decision of Immigration Judge ("IJ") Steven R. Abrams, and denying his application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Jorge A. Padilla*, No. A073 656 250 (B.I.A. Sept. 7, 2011), *rev'g* No. A073 656 250 (Immig. Ct. N.Y. City Sept 14, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Title 8, Section 1252(a)(2)(C) of the United States Code provides that no court shall have jurisdiction to review a final order of removal against an alien, such as Padilla, who was convicted of a controlled substance offense or a crime involving moral turpitude. Notwithstanding that provision, we retain jurisdiction to review constitutional

claims and "questions of law."  8 U.S.C. § 1252(a)(2)(D). Under the circumstances of this case, we have reviewed only the decision of the BIA.  *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005).

## I.  Withholding of Removal

Under 8 U.S.C. § 1231(b)(3)(B)(ii), withholding of removal cannot be granted to an alien who, "having been convicted by a final judgment of a particularly serious crime[,] is a danger to the community of the United States." The Attorney General in *Matter of Y-L-, A-G-, and R-S-R-*, noting that the courts and the BIA have long recognized that drug trafficking felonies constitute "particularly serious crimes," concluded that "[o]nly under the most extenuating circumstances that are both extraordinary and compelling would departure from this interpretation be warranted or permissible."  23 I. & N. Dec. 270, 274 (BIA Mar.5, 2002), *overruled, in part, on other grounds*, *by Khouzam v. Ashcroft*, 361 F.3d 161, 171 (2d Cir. 2004).  The Attorney General then identified six threshold requirements that an alien must demonstrate to show "extraordinary and compelling circumstances that justify treating a particular drug trafficking crime as falling short" of a particularly serious crime.  *Id.* at 276-77 (listing requirements).

3

Padilla does not argue that these six requirements do not apply to his case, and as the BIA noted, there is no evidence in the record showing that Padilla met these requirements. Rather, Padilla advances the more limited argument that, in violation of his due process rights, he "was never given the opportunity to present rebuttal evidence," and that instead of reversing the IJ's decision, the BIA should have remanded the case to the IJ for a new hearing. Padilla's argument is without merit, as he had an opportunity to present evidence to the IJ to rebut the presumption that a drug trafficking conviction is a particularly serious crime, and an opportunity to reply to the government's argument before the BIA that his conviction was a particularly serious crime. The BIA properly engaged in a *de novo* review to determine that the evidence Padilla presented did not rebut the presumption that his conviction was a particularly serious crime that rendered him statutorily ineligible for withholding of removal. *See* 8 U.S.C. § 1231(b)(3)(B)(ii); 8 C.F.R. § 1003.1(d)(3)(ii); *Matter of Y-L-*, 23 I. & N. Dec. at 276-77.

4

## II. CAT relief

Padilla has waived any challenge to the substantive basis of the BIA's denial of deferral of removal pursuant to the CAT. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005). Instead, Padilla argues that the BIA erred, and deprived him of his due process rights, by reviewing his CAT application in the first instance, rather than remanding to the IJ for consideration of that application. This argument presents a constitutional claim, which we retain jurisdiction to review. *See Saloum v. USCIS*, 437 F.3d 238, 243 (2d Cir. 2006).

In immigration proceedings, due process requires that, at a minimum, an alien "must be afforded the opportunity to be heard at a meaningful time and in a meaningful manner." *Burger v. Gonzales*, 498 F.3d 131, 134 (2d Cir. 2007) (internal quotation marks omitted). "Parties claiming denial of due process in immigration cases must, in order to prevail, allege some cognizable prejudice fairly attributable to the challenged process." *Garcia-Villeda v. Mukasey*, 531 F.3d 141, 149 (2d Cir. 2008)(internal quotation marks omitted).

Padilla applied for CAT relief before the IJ, and had an opportunity during his merits hearing to present evidence

in support of his claims for both withholding of removal and CAT relief. While the IJ did not make a decision regarding Padilla's CAT application, the BIA was able to review the record established during Padilla's merits hearing to determine whether Padilla had demonstrated that he would be tortured if he returned to El Salvador. The BIA concluded that Padilla had not established his CAT eligibility because: (1) he had not shown that it was more likely than not he would be tortured if he returned to El Salvador; and (2) he had not shown that any torture would occur with the consent or acquiescence of the Salvadoran government.

The BIA reviews findings of fact under the "clearly erroneous" standard, and all other issues *de novo.*" 8 C.F.R. § 1003.1(d)(3)(i), (ii). The BIA's conclusions that whatever mistreatment Padilla might suffer would not rise to the level of torture, and that Padilla had not shown such mistreatment would occur with the consent or acquiescence of the El Salvadoran government, are both legal conclusions. *See Hui Lin Huang v. Holder*, 677 F.3d 130, 134-35 (2d Cir. 2012); *De La Rosa v. Holder*, 598 F.3d 103, 110 (2d Cir. 2010). Because Padilla had a full and fair opportunity to present his CAT claim before the IJ, and because the BIA reviewed the record evidence to determine

6

that as a matter of law, Padilla had not met his burden of showing eligibility for CAT relief, Padilla's due process rights were not violated. *See id.; Burger*, 498 F.3d at 134. Moreover, despite the BIA's possible error in reviewing *de novo* the IJ's conclusion that Padilla would suffer mistreatment in El Salvador, *see Hui Lin Huang*, 677 F.3d at 134, the two correct grounds upon which the BIA based its decision are sufficient to support its ruling on Padilla's CAT claim. *See Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 401 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk