Ali v. Holder

BIA
Reid, IJ
A090 663 698

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of August, two thousand fourteen.

PRESENT: RALPH K. WINTER,
REENA RAGGI,
SUSAN L. CARNEY,
*Circuit Judges*.

------------------------------------------------------------------

NADIR ALI,

*Petitioner*,

v.                                                    No. 13-2729-ag

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,

*Respondent*.

------------------------------------------------------------------

APPEARING FOR PETITIONER: ANNE E. DOEBLER, ESQ., Buffalo, New York.

APPEARING FOR RESPONDENT: PAUL FIORINO (Stuart F. Delery, Assistant Attorney General, Civil Division, Douglas E. Ginsburg, Assistant Director, Office of Immigration Litigation, *on the brief*), Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, and DECREED that the petition for review is DENIED.

Petitioner Nadir Ali, a native and citizen of India, seeks review of a June 19, 2013 order of the BIA affirming the April 19, 2012 decision of an Immigration Judge ("IJ") ordering him removed and denying his application for adjustment of status. See In re Nadir Ali, No. A090 663 698 (B.I.A. June 19, 2013), aff'g No. A090 663 698 (Immig. Ct. Batavia Apr. 19, 2012). Ali argues that the BIA abused its discretion and violated his right to due process by refusing to remand his case for the IJ to consider evidence of Ali's former attorney's conviction for immigration fraud with respect to other clients, which Ali contends supports his motion for adjustment of status. Under the circumstances of this case, we have reviewed the BIA's decision, see Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir. 2005), under well-established standards of review, see Aslam v. Mukasey, 537 F.3d 110, 114 (2d Cir. 2008); Li Yong Cao v. U.S. Dep't of Justice, 421 F.3d 149, 156 (2d Cir. 2005). We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to deny the petition.

To demonstrate that the BIA abused its discretion or denied him procedural due process by failing to grant remand, Ali must show that he was not provided with notice of grounds for removal or an opportunity to be heard, resulting in "cognizable prejudice." Garcia-Villeda v. Mukasey, 531 F.3d 141, 149 (2d Cir. 2008) (internal quotation marks omitted); see also Li Yong Cao v. U.S. Dep't of Justice, 421 F.3d at 156–57 (stating that

motion to remand may be denied unless there is "likelihood that the new evidence presented would alter the result"). Ali asserts that he has satisfied this burden because evidence of his former attorney's fraud conviction would have refuted removability. We disagree.

Ali does not contest that he is removable for lack of valid entry documents. See 8 U.S.C. § 1182(a)(7)(A)(i)(I). Rather, he argues that he should not be removed because he is eligible for an adjustment of status to lawful permanent resident. To be eligible for such an adjustment of status, however, an alien must be admissible to the United States. See id. § 1255(a)(2). Ali was found inadmissible as an "alien who, by fraud or willfully misrepresenting a material fact, [sought] to procure . . . a visa, other documentation, or admission into the United States or other benefit provided under [the Immigration and Nationality Act]." Id. § 1182(a)(6)(C)(i). Ali asserts that this finding was improper because his former attorney, Earl David, coerced Ali into falsely testifying that he was a religious worker in support of an earlier application for adjustment of status.

The argument fails because even if, as Ali asserts, David or his representative told Ali to lie, Ali intentionally testified with full knowledge that his statements were false. This is sufficient to demonstrate willful misrepresentation. See Emokah v. Mukasey, 523 F.3d 110, 116–17 (2d Cir. 2008) (providing that misrepresentation is "willful" under § 1182(a)(6)(C)(i) if it is "done intentionally and deliberately and . . . not the result of innocent mistake, negligence or inadvertence" (internal quotation marks and citation omitted)).

In urging otherwise, Ali claims that he was forced to lie by fear that, if he did not, he would have lost the fee paid to his attorney and faced adverse immigration consequences.

3

Assuming that coercion is a defense to inadmissibility under § 1182(a)(6)(C)(i)—an issue we need not here decide—such circumstances signal only that it was in Ali's self-interest to lie, not that his will was overborne so as to deny him free choice. See generally United States v. Twenty Miljam-350 IED Jammers, 669 F.3d 78, 89 (2d Cir. 2011) (describing duress requirement that "wrongful threat have the effect of precluding the exercise of free will," i.e., "circumstances permitted no other alternative" (internal quotation marks omitted)). Certainly, Ali was not subjected to any physical force or threat thereof. See generally Negusie v. Holder, 555 U.S. 511, 514–16 (2009) (remanding for BIA to determine whether duress exception applies to "persecutor bar" to asylum and withholding of removal where petitioner claimed he was physically forced to guard political prisoners); United States v. Gonzalez, 407 F.3d 118, 122 (2d Cir. 2005) (stating that duress defense to criminal liability requires "threat sufficient to induce a well-founded fear of impending death or serious bodily injury"). Ali's failure to correct his 1999 false statements until a 2011 interview, conducted after immigration authorities discovered the fraud, only reinforces the conclusion that his misrepresentations were willful and not coerced.

In any event, Ali cannot establish prejudice because he presented some evidence of his lawyer's fraudulent conduct in other immigration matters to both the IJ and BIA, both of which nevertheless found that Ali's own misrepresentations were willful. Ali points to no further evidence that could be presented on remand that would cast his own knowing falsehoods in a different light. Thus, Ali has failed to demonstrate "cognizable prejudice" resulting from the BIA's failure to remand. Garcia-Villeda v. Mukasey, 531 F.3d at 149; see also Li Yong Cao v. U.S. Dep't of Justice, 421 F.3d at 156–57.

4

As Ali has conceded removability, failed to satisfy his burden of demonstrating admissibility, and not asserted eligibility for a waiver of his inadmissibility, Ali's challenges fail on the merits.

We have considered Ali's remaining arguments and find them to be without merit. Accordingly, the petition for review of the BIA's decision is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court