14-2315
*Villa v. Lynch*

BIA
Straus, IJ
A089-014-683

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of September, two thousand fifteen.

Present:
> ROBERT A. KATZMANN,
> > *Chief Judge*,
> PETER W. HALL,
> DEBRA ANN LIVINGSTON,
> > *Circuit Judges*.

_____

FELIPE FABIAN VILLA,
> *Petitioner*,

> v.                                                    No. 14-2315-ag

LORETTA E. LYNCH, United States Attorney General,
> *Respondent*.

_____

For Petitioner:          Jon. E. Jessen, Stamford, CT.

For Respondent:      Anthony O. Pottinger, Trial Attorney, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, *for* John W. Blakeley, Assistant Director, Office of Immigration Litigation, and Benjamin C. Mizer, Principal Deputy Assistant Attorney General, Civil Division, U.S. Department of Justice, Washington, DC.

Petition for review of a decision by the Board of Immigration Appeals.

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the petition for review is **DENIED**.

Petitioner Felipe Fabian Villa seeks review of a May 28, 2014 decision of the Board of Immigration Appeals ("BIA"), No. A089-014-683 (B.I.A. May 28, 2014), which affirmed the order of removal issued by an immigration judge ("IJ") on March 12, 2013. Villa, a national of Ecuador who entered the United States without having been admitted or paroled in 1999, conceded his removability before the IJ but applied for cancellation of removal under 8 U.S.C. § 1229b(b) and for voluntary departure under 8 U.S.C. § 1229c(b). We assume the parties' familiarity with the underlying facts, procedural history, and the issues on appeal.

In his petition, Villa contends (1) that the BIA erred in affirming the IJ's conclusion that Villa failed to establish that he served fewer than 180 days in incarceration and (2) that the BIA erred in concluding that Villa failed to establish prejudice arising from any violation of his due process right to present evidence concerning the length of his incarceration. We have jurisdiction to consider this petition, *see Sumbundu v. Holder*, 602 F.3d 47, 52 (2d Cir. 2010), and we review the IJ's decision as supplemented by the BIA's decision, *see Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005).

A removable alien cannot establish good moral character if he "has been confined, as a result of conviction, to a penal institution for an aggregate period of one hundred and eighty days or more." 8 U.S.C. § 1101(f)(7). Good moral character is a requirement for eligibility for cancellation of removal, *see* 8 U.S.C. § 1229b(b)(1)(B), and the alien bears the burden of proof to establish eligibility, *see* 8 U.S.C. § 1229a(c)(4)(A). An alien contesting removal is entitled to

2

a "reasonable opportunity to examine the evidence against the alien, to present evidence on the alien's own behalf, and to cross-examine witnesses." 8 U.S.C. § 1229a(b)(4)(B).

Here, substantial evidence supported the IJ's determination that Villa failed to meet his burden to establish that he was incarcerated for fewer than 180 days. First, Villa's application for cancellation of removal listed as his residence the Bridgeport Correctional Facility for the 271 days from October 4, 2009 to July 1, 2010. *See* Certified Administrative Record 156. Second, the sentencing documents in the record support the conclusion that Villa was confined for a period longer than 180 days. Finally, there is no evidence in the record—most notably, no testimony from Villa himself that he served fewer than 180 days in incarceration, despite ample opportunity to so testify—to suggest, let alone compel, a contrary conclusion. Even in this petition for review, Villa still does not aver that he served fewer than 180 days.

Villa's due process claim is also unpersuasive. Even if there were merit to his contention that his hearing before the IJ suffered from procedural deficiencies, his failure to proffer evidence suggesting that he was actually eligible for cancellation of removal leaves no possible "cognizable prejudice fairly attributable to the challenged process." *Garcia-Villeda v. Mukasey*, 531 F.3d 141, 149 (2d Cir. 2008) (internal quotation marks omitted).

For these reasons, the petition for review is **DENIED**.

> FOR THE COURT:
> CATHERINE O'HAGAN WOLFE, CLERK