Piroli v. Sessions

BIA
Page, IJ
A078 971 104

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of July, two thousand eighteen.

PRESENT:
> ROBERT A. KATZMANN,
> > *Chief Judge,*
> DEBRA ANN LIVINGSTON,
> SUSAN L. CARNEY,
> > *Circuit Judges.*

_____

NIKOLIN PIROLI,
> *Petitioner,*

> v.                                              16-3778
>                                                 NAC
JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Charles Christophe, New York, NY.

FOR RESPONDENT:          Chad A. Readler, Acting Assistant
                         Attorney General; Papu Sandhu,
                         Assistant Director; Victor M.
                         Lawrence, Senior Litigation
                         Counsel, Office of Immigration
                         Litigation, United States
                         Department of Justice, Washington,
                         DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Nikolin Piroli, a native and citizen of Albania, seeks review of an October 11, 2016, decision of the BIA affirming a May 14, 2015, decision of an Immigration Judge ("IJ") denying Piroli's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Nikolin Piroli,* No. A 078 971 104 (B.I.A. Oct. 11, 2016), *aff'g* No. A 078 971 104 (Immig. Ct. N.Y. City May 14, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed both the BIA's and IJ's decisions. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The standards of review are well established. *See* 8 U.S.C. § 1252(b)(4); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Piroli filed for asylum and related relief before May 11, 2005, so his application is not subject to the credibility provisions of the REAL ID Act. *See* REAL ID Act of 2005, Div. B of Pub. L. No. 109-13, 119 Stat. 302, 303 (2005) (codified at 8 U.S.C. § 1158(b)(1)(B)(iii)); *Matter*

2

*of S-B-*, 24 I. & N. Dec. 42, 45 (BIA 2006). In pre-REAL ID Act cases, inconsistencies and other discrepancies in the evidence are often sufficient to support an adverse credibility determination, but they "need not necessarily be fatal . . . if the disparities are relatively minor and isolated and do not concern material facts," and the testimony is otherwise "generally consistent, rational, and believable." *Diallo v. U.S. Dep't of Justice*, 548 F.3d 232, 234 (2d Cir. 2008) (quoting *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 335 (2d Cir. 2006)). A discrepancy generally must be substantial when measured against the record as a whole, *Secaida-Rosales v. INS*, 331 F.3d 297, 308 (2d Cir. 2003), but "even where an IJ relies on discrepancies or lacunae that, if taken separately, concern matters collateral or ancillary to the claim, . . . the cumulative effect may nevertheless be deemed consequential by the fact-finder," *Tu Lin v. Gonzales*, 446 F.3d 395, 402 (2d Cir. 2006) (internal citations and quotation marks omitted); *see also Liang Chen v. U.S. Att'y Gen.*, 454 F.3d 103, 106-107 (2d Cir. 2006) ("[A]n IJ need not consider the centrality *vel non* of each individual discrepancy or omission" and can instead "rely upon the cumulative impact of such inconsistencies, and may conduct

3

an overall evaluation of testimony in light of its rationality or internal consistency and the manner in which it hangs together with other evidence." (internal citation and quotation marks omitted)). Substantial evidence supports the agency's determination that Piroli was not credible.

The IJ reasonably relied on omissions in Piroli's application and his parents' letters in evaluating his credibility. *See Cheng Tong Wang v. Gonzales*, 449 F.3d 451, 453 (2d Cir. 2006) ("[O]missions that go to a heart of an applicant's claim can form the basis for an adverse credibility determination."). A letter from Piroli's parents omits his purported July 2001 arrest and detention. And Piroli's original application omitted his allegation that Albanian police routinely threatened him in 1997, and both of his applications omitted his claim that the police looked for him at his parents' home while he sought refuge with his uncle. The agency was not compelled to accept the explanation that the preparer or translator omitted these details because Piroli testified that he had reviewed his application and approved of its contents. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) (holding that an agency need not credit an applicant's explanations for

4

inconsistent testimony unless those explanations would compel a reasonable fact-finder to do so).

Moreover, the IJ reasonably relied on an additional inconsistency that arose during the remanded proceedings. Piroli's statement that he did not engage in political activities in 1991 contradicted his updated asylum application, in which he claimed that he participated in meetings, demonstrations, and protests that year. The agency was permitted to rely on the "cumulative effect" of that inconsistency and the omissions in assessing Piroli's credibility. *Tu Lin*, 446 F.3d at 402; *see also Liang Chen*, 454 F.3d at 106-07.

Finally, the agency reasonably relied on the lack of objective, reliable documentary evidence to corroborate Piroli's Democratic Party membership and his family's hardships. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."). The IJ did not err in giving diminished weight to the documents from Albania, which included affidavits from his parents, three brothers, and a

5

pastor. *See Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013) ("We defer to the agency's determination of the weight afforded to an alien's documentary evidence."). And the IJ reasonably accorded limited weight to the portions of the statement from Dr. Bernd J. Fischer that discussed Piroli's personal circumstances, as those sections were based only on information Piroli provided to Fischer. *See id.*

Substantial evidence supports the agency's adverse credibility determination given the inconsistency and omissions, as well as the lack of reliable documentary evidence. *See Diallo*, 548 F.3d at 234. The adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three claims rely on Piroli's credibility. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

Piroli's remaining arguments are meritless. Because the IJ reasonably determined that Piroli's claim of past persecution on account of his Democratic Party affiliation was not credible, any arguments regarding the current authority of the opposition party or an imputed political opinion are irrelevant. And contrary to Piroli's position, the IJ did address Piroli's alleged detention but suggested

6

that the allegations regarding it were questionable because Piroli's parents did not mention the detention in their letter.

Finally, Piroli attempts to state a due process claim, contending that the IJ analyzed his case too hastily and had to correct himself on the record at least once. To state a due process claim, Piroli must show that he (1) was denied a "full and fair opportunity" to present his claims or was otherwise deprived of "fundamental fairness," *Burger v. Gonzales*, 498 F.3d 131, 134 (2d Cir. 2007) (internal quotation marks omitted); and (2) experienced "cognizable prejudice," *Garcia-Villeda v. Mukasey*, 531 F.3d 141, 149 (2d Cir. 2008) (internal quotation marks omitted). Piroli does neither: he does not demonstrate that an initial misperception regarding social security payments affected the IJ's decision making, given that the IJ corrected himself, nor does Piroli show that the outcome of his case would have been different had the IJ adjudicated his case more slowly. Accordingly, the claims Piroli raises as "reversible error" have no merit.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED,

7

and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court
