Singh v. Barr

BIA
Poczter, IJ
A206 443 520

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of February, two thousand twenty.

PRESENT:
>       DENNIS JACOBS,
>       JOSÉ A. CABRANES,
>       JOSEPH F. BIANCO,
>               *Circuit Judges.*

_____

GULZAR SINGH,
>       *Petitioner,*

v.                                                    18-249
                                                      NAC
WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
>       *Respondent.*

_____

FOR PETITIONER:           Amy Nussbaum Gell, Gell & Gell, New York, NY.

FOR RESPONDENT:           Joseph H. Hunt, Assistant Attorney General; Jessica A. Dawgert, Senior Litigation Counsel; Jacob A. Bashyrov, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Gulzar Singh, a native and citizen of India, seeks review of a December 28, 2017, decision of the BIA affirming a February 16, 2017, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Gulzar Singh*, No. A206 443 520 (B.I.A. Dec. 28, 2017), *aff'g* No. A206 443 520 (Immig. Ct. N.Y. City Feb. 16, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances, we have considered both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Security*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the

2

applicant's or witness's written and oral statements . . . , the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. Substantial evidence supports the agency's determination that Singh was not credible as to his claim that members of the Akali Dal Badal attacked him twice in India on account of his membership in a rival political party, the Shiromani Akali Dal Amritsar ("SADA").

The agency reasonably relied on inconsistent evidence regarding whether Singh's parents are also affiliated with the SADA Party, and what medicine Singh was given after one of the alleged attacks. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Singh did not compellingly explain these inconsistencies. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A

3

petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)).

The agency also reasonably found Singh's credibility impugned by his submission of affidavits allegedly prepared by two friends that contained strikingly similar language, including grammatically incorrect phrases. *See Mei Chai Ye v. U.S. Dep't of Justice*, 489 F.3d 517, 524 (2d Cir. 2007) ("[T]his court has . . . firmly embraced the commonsensical notion that striking similarities between affidavits are an indication that the statements are canned." (internal quotation marks omitted)); *Singh v. BIA*, 438 F.3d 145, 148 (2d Cir. 2006) (holding that "nearly identical language" in affidavits supported adverse credibility determination). Singh did not compellingly explain the similarities. *See Majidi*, 430 F.3d at 80.

Having questioned Singh's credibility, the agency reasonably relied further on his failure to rehabilitate his testimony with reliable corroborating evidence. "An applicant's failure to corroborate his or her testimony may

4

bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). As discussed above, certain of Singh's corroborating affidavits contained questionably identical language and his medical evidence was inconsistent with his testimony. Further, the agency reasonably noted that Singh failed to submit an affidavit from his father who purportedly took him to the hospital after one alleged attack, or an affidavit or testimony from his brother who is also a SADA member and lives with Singh in the United States.

Given the inconsistency, identical affidavits, and corroboration findings, the adverse credibility determination is supported by substantial evidence. *See Xiu Xia Lin*, 534 F.3d at 165–66. The agency's adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three claims are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

As the Government argues, Singh does not challenge the agency's denial of a continuance with any specificity and

5

thus we need not consider it. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005). Nevertheless, we note that there is no merit to Singh's argument that the IJ's denial of a continuance violated due process when Singh had more than one year to gather and submit evidence and he has never described his brother's intended testimony or explained how it would overcome the adverse credibility determination. *See Burger v. Gonzales*, 498 F.3d 131, 134 (2d Cir. 2007) ("To establish a violation of due process, an alien must show that []he was denied a full and fair opportunity to present h[is] claims or that [he was] otherwise deprived . . . of fundamental fairness." (internal quotation marks omitted)); *Garcia-Villeda v. Mukasey*, 531 F.3d 141, 149 (2d Cir. 2008) ("Parties claiming denial of due process in immigration cases must, in order to prevail, allege some cognizable prejudice fairly attributable to the challenged process." (internal quotation marks omitted)).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

6