Thelemaque v. Barr

BIA
Mulligan, IJ
A031 130 472

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of August, two thousand twenty.

PRESENT:
> ROBERT A. KATZMANN,
> > *Chief Judge,*
> RICHARD J. SULLIVAN,
> STEVEN J. MENASHI,
> > *Circuit Judges.*

_____

RAYNALD THELEMAQUE, AKA REYNALD THELEMAQUE,

> *Petitioner,*

> v.                                                   19-1349
>                                                      NAC

WILLIAM P. BARR, UNITED STATES ATTORNEY GENERAL,

> *Respondent.*

_____

**FOR PETITIONER:**          Craig Relles, White Plains, NY.

**FOR RESPONDENT:**          Ethan P. Davis, Acting Assistant
Attorney General; Shelley R. Goad,
Assistant Director; Kristen A.
Giuffreda, Trial Attorney, Office
of Immigration Litigation, United
States Department of Justice,
Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Raynald Thelemaque, a native and citizen of Haiti, seeks review of an April 9, 2019 decision of the BIA affirming an October 22, 2018 decision of an Immigration Judge ("IJ") denying Thelemaque's application for relief under the Convention Against Torture ("CAT"). *In re Raynald Thelemaque,* No. A 031 130 472 (B.I.A. Apr. 9, 2019), *aff'g* No. A 031 130 472 (Immig. Ct. N.Y. City Oct. 22, 2018). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir. 2005). Thelemaque argues for the first time that his conviction for sexual abuse in the second degree in violation of New York

2

Penal Law § 130.60(2) is not an aggravated felony.  We do not consider this issue because, as the Government points out, Thelemaque did not challenge his grounds of removability before the BIA.  *See Lin Zhong v. U.S. Dep't of Just.,* 480 F.3d 104, 121–22 (2d Cir. 2007) (holding that issue exhaustion is mandatory and our review is generally limited to the arguments raised before the IJ and BIA).  Accordingly, we address only the denial of CAT relief and Thelemaque's due process claim.

An applicant for CAT deferral must "establish that it is more likely than not that he . . . would be tortured if removed to the proposed country of removal."  8 C.F.R. §§ 1208.16(c)(2), 1208.17(a).  Torture is defined as "any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person . . . by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1).  We review the denial of CAT relief "under the deferential substantial-evidence standard." *Nasrallah v. Barr*, 140 S. Ct. 1683, 1692–93 (2020).

The agency concluded that Thelemaque's fear of torture— based on his father's and uncle's opposition to the former

3

Duvalier regimes—was too speculative to warrant relief. There is substantial evidence for that conclusion because the family members who opposed the Duvalier regimes fled Haiti over forty years ago, the Duvaliers are deceased, and the second Duvalier leader was exiled and arrested before his death. *See Jian Xing Huang v. U.S. Immigr. & Naturalization Serv.*, 421 F.3d 125, 129 (2d Cir. 2005) ("In the absence of solid support in the record . . .,[an applicant's] fear is speculative at best.").

The agency also reasonably concluded that Thelemaque had not shown that he was more likely than not to be tortured because he is a sex offender and would be detained by the Haitian government as a criminal deportee. Although Thelemaque's expert witness testified that deportees are sometimes detained and that Thelemaque's conviction made him more vulnerable, she also testified that the government generally does not detain criminal deportees, and other country conditions evidence reflected that the Haitian government no longer had a policy of detaining deportees. The IJ had discretion to determine the weight afforded to this evidence and, because the evidence did not compel a conclusion to the contrary, substantial evidence supports the

conclusion that Thelemaque had not shown a likelihood of torture for someone in his particular circumstances. *See Nasrallah*, 140 S. Ct. at 1692 ("The agency's 'findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" (quoting 8 U.S.C. § 1252(b)(4)(B))); *Xiao Ji Chen v. U.S. Dep't of Just.*, 471 F.3d 315, 342 (2d Cir. 2006) (noting that a determination of the weight of evidence "lies largely within the discretion of the [agency]" (internal quotation marks and alteration omitted)); *Mu-Xing Wang v. Ashcroft*, 320 F.3d 130, 144 (2d Cir. 2003) (a CAT applicant must show "that someone in his particular alleged circumstances is more likely than not to be tortured" (emphasis omitted)).

Finally, Thelemaque did not establish a due process violation. He argued that the IJ originally assigned to his case should have recused herself earlier based on her involvement in litigation regarding the qualifications of his proposed expert witness. To succeed on a due process claim, a petitioner must show (1) he was denied a "full and fair opportunity" to present his claims or that he was "otherwise deprived . . . of fundamental fairness," *Burger v. Gonzales*, 498 F.3d 131, 134 (2d Cir. 2007) (internal quotation marks

5

and citation omitted), and (2) "cognizable prejudice," *Garcia-Villeda v. Mukasey*, 531 F.3d 141, 149 (2d Cir. 2008) (citation omitted). Thelemaque has not demonstrated that he was deprived of any process or that he was prejudiced. The original IJ recused herself on the Government's motion, and the subsequent IJ conducted a new hearing but considered Thelemaque's prior sworn statements for credibility purposes. There is nothing in the record to indicate any bias by the second IJ. "An expert witness is broadly defined as someone who is 'qualified as an expert by knowledge, skill, experience, training, or education.'" *Matter of D-R-,* 25 I. & N. Dec. 445, 459 (B.I.A. 2011) (quoting Fed. R. Evid. 702). The record reveals that the witness testified about her education and training, her fee, and her advocacy work. And in declining to give substantial weight to the testimony, the IJ cited concerns about the witness's educational background and lack of specialized training, as well as concerns about her objectivity given that she was a paid witness whose work involved the prevention of deportations to Haiti.

6

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe,
                                        Clerk of Court