M.A. v. Garland
BIA
Mulligan, IJ
A078 516 954

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of July, two thousand twenty-one.

PRESENT:
> SUSAN L. CARNEY,
> RICHARD J. SULLIVAN,
> JOSEPH F. BIANCO,
> > *Circuit Judges.*

_____

M.A.,

> *Petitioner,*

> v.                                                    19-728

MERRICK B. GARLAND,
UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          MIA UNGER (Hasan Shafiqullah, Jennifer Williams, and Julie Dona, *on the brief*), The Legal Aid Society, New York, NY.


FOR RESPONDENT:          JACLYN E. SHEA, Trial Attorney, Office of Immigration Litigation

(Derek C. Julius, Assistant Director, Office of Immigration Litigation, *on the brief*), *for* Brian Boynton, Acting Assistant Attorney General for the Civil Division, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED.

Petitioner M.A., a native and citizen of Honduras, seeks review of a decision of the BIA affirming a decision of an Immigration Judge ("IJ"), which denied withholding of removal and protection under the Convention Against Torture ("CAT"). *In re M.A.,* No. A 078 516 954 (B.I.A. Feb. 22, 2019), *aff'g* No. A 078 516 954 (Immig. Ct. N.Y.C. Nov. 9, 2017). We assume the parties' familiarity with the underlying facts and procedural history, to which we refer only as necessary to explain our decision to grant the petition for review and remand to the agency for further proceedings.

We have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.,* 448 F.3d 524, 528 (2d Cir. 2006). We review factual findings for substantial evidence and questions of

law de novo.  *See Paloka v. Holder*, 762 F.3d 191, 195 (2d Cir. 2014) (citing 8 U.S.C. § 1252(b)(4)(B)); *Nasrallah v. Barr*, 140 S. Ct. 1683, 1690–92 (2020) (holding that limitation on judicial review in 8 U.S.C. § 1252(a)(2)(C) does not apply to CAT claims).

Petitioner challenges only the agency's denial of deferral of removal under the CAT.  Accordingly, the key issue before us is whether the agency's conclusion that the Honduran government will not acquiesce to torture by gangs is supported by substantial evidence.  Petitioner also makes a related due process claim.

Deferral of removal under the CAT is a mandatory form of relief that hinges on the risk to Petitioner within the country to which the government is seeking removal.  *See* 8 C.F.R. §§ 1208.16(c), 1208.17(a).[1]  To obtain CAT relief, the applicant must show that he would more likely than not be tortured in the country of removal.  *De La Rosa v. Holder*, 598 F.3d 103, 106 (2d Cir. 2010).  The applicant is not required to establish a nexus to any protected ground.  8 C.F.R. §§ 1208.16(c), 1208.17(a).  If the feared torture

---

[1] Citations are to the regulations in effect at the time of the agency proceedings.

3

would occur at the hands of private actors, then the applicant must show that the torture would likely occur "with the consent or acquiescence of a public official or other person acting in an official capacity." *Id.* § 1208.18(a)(1). The applicant must further prove that "the public official, prior to the activity constituting torture, [would] have awareness of such activity and thereafter breach his or her legal responsibility to intervene to prevent such activity." *Id.* § 1208.18(a)(7); *see also Pierre v. Gonzales*, 502 F.3d 109, 115, 118 (2d Cir. 2007); *Khouzam v. Ashcroft*, 361 F.3d 161, 170–71 (2d Cir. 2004).

The IJ found that Petitioner was likely to be targeted by the MS-13 gang on his return to Honduras. In addition, Petitioner adduced substantial evidence of police corruption and ongoing gang violence in the country. Nonetheless, the IJ denied Petitioner's CAT claim, finding that Petitioner failed to establish that the Honduran government would acquiesce in his torture. In reaching this conclusion, the IJ took administrative notice of, and primarily relied on, the 2016 U.S. Department of State Country Report on Human Rights Practices for Honduras ("2016 Report"), which reported

4

that the Honduran government had taken steps to address police involvement in human rights abuses; had established a commission to review police corruption; and had increased law enforcement in two communities controlled by gangs.

We remand for further consideration. We find that the agency failed to adequately explain its conclusion that the Honduran government would not acquiesce in Petitioner's feared torture, particularly because it made only passing reference to evidence in the record—including in the 2016 Report itself—that "[p]ervasive societal violence persisted [in Honduras], although the state made efforts to reduce it." Respondent's App'x at 1. In *Scarlett v. Barr*, we discussed how the issue of a government's inability to protect a CAT applicant from threatened torture "might inform a determination about their 'acquiescence'" for purposes of the CAT. 957 F.3d 316, 335 (2d Cir. 2020). We noted that, given its origin in the withholding of removal context, we had never decided "how the 'unable' prong of the unwilling-or-unable standard[] . . . might translate to identifying government acquiescence in torture under the CAT." *Id.* at 336. Rather than deciding that issue ourselves, however, we found that

5

the "question [wa]s best left to the agency" in the first instance, and thus remanded that case. *Id.* We agree with that approach and therefore remand for the agency to consider this legal issue in light of the totality of the record evidence. *See also Golding v. Garland*, No. 18-772, 2021 WL 1016423, at \*2 (2d Cir. Mar. 17, 2021) (remanding because of agency's inadequate explanation of IJ's conclusion that the government would not acquiesce to petitioner's torture).

Petitioner also contends that the IJ violated his due process rights by taking administrative notice of the 2016 Report without giving him adequate notice or a meaningful opportunity to respond to the Report. *See Burger v. Gonzales*, 498 F.3d 131, 134 (2d Cir. 2007); *Garcia-Villeda v. Mukasey*, 531 F.3d 141, 149 (2d Cir. 2008). As a remedy for this arguable constitutional violation, Petitioner seeks a remand and an opportunity to submit additional evidence before the agency.

But we need not resolve the merits of Petitioner's due process argument because the remedy he seeks is appropriate for another reason. Specifically, in light of the several years that have passed since the IJ rendered his initial

6

decision, we direct the agency to re-open the record to enable it to decide Petitioner's application based on up-to-date country conditions. *See Serafimovich v. Ashcroft*, 456 F.3d 81, 88 (2d Cir. 2006); *Tian-Yong Chen v. U.S. I.N.S.*, 359 F.3d 121, 129-30 (2d Cir. 2004).

For the foregoing reasons, the petition for review is GRANTED, the BIA's decision is VACATED, and the case is REMANDED for further proceedings. All pending motions and applications are DENIED.[2]

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

---

[2] Petitioner filed a motion to supplement the record on appeal, which he subsequently withdrew, Petitioner's Br. at 11 n.6., and a motion for a stay pending adjudication of his petition for review. Both are now denied as moot.